(57 Misc. Rep. 475.)

JAMAICA WATER SUPPLY CO. v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, Queens County.   January, 1908.)

CONSTITUTIONAL LAW—VESTED RIGHTS.

    Where a corporation is organized to supply the inhabitants of a city with water under the general laws, which authorize such corporations to lay their water pipes in streets and public places, a provision in a city charter granted by the Legislature (Greater New York Charter, Laws 1901, p. 168, c. 466, § 391) providing that no pavement shall be disturbed until a permit is first had from the president of the borough is not unconstitutional as a violation of the vested rights of the corporation.

Action by the Jamaica Water Supply Company against the city of New York and the police department of the city of New York for an injunction.   Motion by plaintiff denied.

Francis H. Van Vechten, for plaintiff.

Francis K. Pendleton, Corp. Counsel (Edward S. Malone, of counsel), for defendants.

GARRETSON, J.   There can be no serious question of the right of the plaintiff, under the statutes applicable to its organization and from which it derives its powers and franchise, to lay and maintain its pipes and hydrants for delivering and distributing water in any street, highway, or public place of the Fourth Ward of the borough of Queens, formerly the village and town of Jamaica.   Laws 1873, p. 1100, c. 737; Laws 1881, p. 320, c. 213; Laws 1890, p. 1150, c. 566, § 80; Laws 1892, p. 1170, c. 617.   Any interference with the free exercise of such right, subject only to reasonable regulations prescribed by law in pursuance of the police power of the state, is remediable by action both at law and in equity to recover the damage done by or to restrain the unlawful acts of, a wrongdoer in respect thereto, whether he be acting in an individual or in an official capacity.

The plaintiff claims, however, that by virtue of the statutes referred to it has the right to enter upon and open any street, highway, or public place of the said Fourth Ward without the consent of any city official, and particularly that the section of the amended charter of the city (Laws 1901, p. 168, c. 466, § 391) which requires, in effect, that no pavement or surface of a street shall be disturbed until a permit is first had from the president of the borough, is not applicable to it and is in derogation of its vested rights; the section having been enacted subsequent to the legislation by virtue of which those rights were acquired.   I think the claim of the plaintiff too broad, and not sustainable under well-settled principles.   The object of the section of the charter above cited is to regulate the manner in which the surface of the streets of the city may be necessarily disturbed for public and private purposes and to insure the proper restoration of the streets and the pavements thereof, to the end that the public interests may be protected and the safety of the traveling public may be conserved.   This is but the exercise of the ordinary police power of the state, delegated by the Legislature to a city agency to be performed in behalf of the general public.   That such is the construction and interpretation of

the provisions of the section is urged by the defendant, and is not seriously, if at all, disputed by the plaintiff.   A learned author has well said:

"It has been supposed that because it is the settled law of this country that the Legislature of a state cannot repeal or amend the charter of a private corporation, unless the power is expressly reserved, these perpetual corporations are placed beyond the reach of the ordinary police power of the state: that while all the rights of the natural person are subject to the exercise of the police power in the interest of the public these corporations are free from this burden, because the slightest police regulation operates as a restriction of the enjoyment of the corporate franchise, and hence impairs the obligation of a contract.   Such a construction of the operation of this constitutional provision is not only scientifically absurd, but it is in violation of the ordinary rules of constitutional construction, which provide for a strict construction of all grants by the state to the individual.   Apart from the question whether the state can barter away its police power, the intention of the Legislature to place a private corporation beyond the reach of the police power of the state. to grant to a corporation the right to do what it pleases in the exercise of its corporate powers, it matters not how much injury is inflicted upon the public, and yet be subject to no control or restraint which is not provided by the laws in force when the charter was granted, is so manifestly unreasonable that we cannot suppose that the Legislature so intended, unless this extraordinary privilege is expressly granted.   It cannot be implied from the grant of the charter.   The subjection of existing corporations to new police regulations does not involve a repeal or amendment of the charters, for an act of incorporation simply guarantees to the incorporators the right to act and do business as a corporate body, subject, of course, to the laws of the land and the legitimate control of government.   The legal status of the corporation as an artificial person does not differ from the natural person except so far as the charter may reserve or grant special privileges or impose peculiar burdens."   Tied. Lim. Pol. Pow. (Ed. 1886) 576, § 189.

That these principles apply to corporations formed under general laws will not, I think, be seriously questioned.   It appears from the papers submitted that a virtual admission by the plaintiff of its subordination to the section of the charter referred to has been made for several years, and that this action springs from a disagreement between the president of the plaintiff and the president of the borough as to the manner in which its provisions shall be made practically operative hereafter.   The methods which have been heretofore employed in that regard are not material to the solution of the questions presented on this motion, and their consideration and disposition may well be left to a later and more appropriate proceeding.   The plaintiff is a quasi public corporation, and serious public and private injury is likely to result if it is prevented from expeditiously and effectively carrying out the purposes and objects of its organization.   To that end the official charged with the control of the streets should promptly afford to the plaintiff proper permits under reasonable rules and regulations within the terms of the section cited, and the plaintiff should readily yield compliance therewith.

This court will not assume, in passing upon the questions here involved, that a public official charged with administrative powers will act in disregard of his duty, or deal otherwise than fairly with either public or private rights and interests.   The vital question of this case is fairly presented by the papers before me, the relevant facts are not substantially contested, the legal and equitable considerations do not

sustain the plaintiff's contention, and the injunction pending the trial as asked for by the plaintiff must be denied.

Motion denied, with $10 costs.