In the Matter of BEDFORD M. ESTES et al., Petitioners, against CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, February 6, 1946.

*Leopold V. Rossi* for petitioners.

*John J. Bennett, Corporation Counsel (Morris Shapiro* of counsel), for respondents.

McLAUGHLIN, J. This is an application for relief under article 78 of the Civil Practice Act.

Petitioners are bridge painters employed by the City of New York and are civil service employees. They are paid on a per diem basis at the prevailing rate of wages. Others in the same civil service classification, who are junior to petitioners in point of view of length of service, are employed and paid on a per annum basis. In the normal course of business petitioners work only on those days which are suitable for bridge painting, which may not exceed 180 days in each year. Those similarly classified, who are on a per annum basis, are employed on days unsuitable for bridge painting at other work in the same department, viz., repairing painting equipment, sweeping, snow shovelling, as watchmen, and at other kindred occupations. The per annum employees work 250 days each year for an annual stipend which is less than the amount which equals 250 times the prevailing wage rate. When some of the bridge painters began to work on the per annum basis, they accepted their wages under protest and sued for the difference between that received and the prevailing rate.

The petitioners specifically assert that on June 20, July 23 and July 26, 1945, which were rainy days, they were not assigned to work while the per annum men worked; that this action on the part of the respondents in not permitting them to work and receive per diem compensation on those days was willful, that it violated the seniority rights of the petitioners and was also a violation of section 31 of the Civil Service Law.

The respondents contend that these men are per diem employees and their pay has been fixed by the Board of Estimate. The current budget gives them a per diem compensation of $12.60 a day with a limitation of 180 days' work for the budget year.

The claim that there has been a violation of section 31 is not borne out by the facts. The petitioners have not been discharged. There has been no separation from service through any means set out in the statute. The fact is that they are still employed in the position as bridge painters on a per diem basis.

The city pays these petitioners the prevailing rate on those days suitable for them to work at their trade. That it employs, on unsuitable days, others in the same category at different work, but not at bridge painting, is no basis for granting the relief sought here. The propriety or impropriety of such action on the city's part is not an issue in this proceeding.

The motion is denied in all respects.