In the Matter of Timothy F. Dinan, on Behalf of Himself and Others, Similarly Situated, Petitioner, against Thomas J. Patterson, as Director of the Budget of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 23, 1948.

*Leopold V. Rossi* for petitioner.

*John P. McGrath, Corporation Counsel (Howard C. Fischbach* of counsel), for respondents.

DICKSTEIN, J.  In the budget for 1948–49, adopted by the board of estimate and approved by the city council, a fund of $32,-650,000 was provided (code 9802–019) to cover salary adjustments for city employees, due to the rising cost of living.  At the same time, code 9803–019 established a fund to cover adjustments of rates of pay of employees seeking prevailing rate determinations under section 220 of the Labor Law.

In making a schedule of the groups of employees entitled to receive the basic increase of $250 pursuant to code 9802–019, the budget director excluded from consideration such employees who were within the protection of the Labor Law and those holding the title of auto engineman.  Several hundred incumbents of the title of auto engineman had theretofore filed claims with the comptroller pursuant to section 220 of the Labor Law, for an investigation and determination of prevailing rates of pay paid to commensurate employees in private industry.  Section 220 of the Labor Law is designed to provide to mechanics, laborers and workmen a rate of pay commensurate with rates paid to a majority of employees in private industry engaged on public work in the same locality.  (See *Matter of Gaston* v. *Taylor,* 274 N. Y. 359.)  The comptroller has not yet completed his investigation nor made a determination.  Thus the auto enginemen were excluded from the benefits of the increase under code 9802–019, since they claimed the benefits of section 220 of the Labor Law.

Since many auto enginemen had not filed Labor Law claims, perhaps because they had reached the conclusion that they did not properly fall within the Labor Law provisions (a conclusion which the city urges to be correct), an agreement was prepared by the budget director by the terms of which an auto engineman could accept the increase of $250 if he agreed to waive his rights, if any, under the Labor Law for the effective period of the agreement.  Over 600 employees in that category signed such

an agreement. Others, of whom petitioner is one, refused to do so.

Petitioner brings this proceeding to declare that such agreement, requiring auto enginemen to waive their rights under the Labor Law, is null and void, to direct respondents to pay all persons employed under the title of auto engineman the $250 general increase, and to restrain the comptroller and treasurer of the city of New York from paying the increase. to the signatories of the agreements unless similar payment is made to those who have not signed agreements.

Although the city has contended that the category of auto engineman does not fall within the purview of section 220 of the Labor Law, it was nevertheless met with the claims of employees that they were protected by the statute. The comptroller will determine these claims. Since the possibility existed that a favorable determination would be made for such claimants, entitling them to a prevailing rate, the city was justified in withholding the basic increase of $250, because, while the city may not pay less than the prevailing rate, if it is applicable, it cannot be compelled to pay more. An agreement which compromised these conflicting contentions would be valid.

In *Evadan Realty Corp.* v. *Patterson* (192 Misc. 850, 856) in a similar situation it was held that " Waiver of section 220 rights may be effected (*Ryan* v. *City of New York,* 177 N. Y. 271, 279)." In the *Evadan* case (*supra*) the court also decided that since the contract provides for future services, that consideration supported the waiver as well as the city's undertaking to make the payments required by the contract. I therefore find the waiver agreements to be valid.

No discrimination exists because of the extension of the benefits of the $250 increase to those who signed agreements while it was withheld from those who did not. The agreement was proffered to all auto enginemen employed by the city. (See *Matter of Estes* v. *City of New York,* 186 Misc. 808.) Those who did not sign still have their rights, whatever they may be worth, to prosecute their claims under section 220 of the Labor Law.

I hold that the agreements for acceptance of the basic pay increase and waiver of rights under the Labor Law are valid, and that respondents are justified in withholding such increases from those who have not signed agreements. The motion is in all respects denied and the petition is dismissed. Settle order.