HERBERT E. KRAMER, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, December 14, 1948.

*Benjamin M. Zelman* and *Irving P. Zelman* for plaintiff.

*John P. McGrath, Corporation Counsel (Morris Weissberg* of counsel), for defendants.

HOFSTADTER, J. In this action for a declaratory judgment the plaintiff, who was appointed a teacher in 1936, claims that his initial salary was fixed at a lower level than that prescribed in the salary schedules filed with the State Commissioner of Education, and that, as a result, he has ever since been receiving less compensation than he was lawfully entitled to. Specifically, his claim is that he had taught for two years as a teaching fellow in the day schools at New York University on per annum salaries and that this service entitled him to a credit of two years outside teaching service. Had this credit been allowed in fixing his initial salary, that salary would have been fixed at the third year instead of the first year level. The object of this action is to obtain a declaration of the plaintiff's right to this initial salary and a recovery of the difference between the salary paid to him over the years and the salary that should have been paid had he begun at the third year level.

The defendant has answered and the plaintiff now moves for judgment on the pleadings awarding him the relief demanded in the complaint. The facts are not in issue and the question for decision is solely one of law.

At the outset the defendant argues that the plaintiff may not maintain this action for a declaratory judgment. That form of action is, however, now recognized as proper in this type of case (*Wakefield* v. *Board of Education,* 192 Misc. 639, affd. with modification as to interest only, 274 App. Div. 884; *Cottrell* v. *Board of Education,* 181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792; *Nelson* v. *Board of Higher Education,* 263 App. Div. 144, affd. 288 N. Y. 649; *Harman* v. *Board of Education,* 82 N. Y. S. 2d 157).

By subdivision a of section 889 of the Education Law* the salary of the plaintiff may not be less than that fixed by the sched-

---

* Education Law of 1910, as amd. by L. 1931, ch. 540, as last amd. by L. 1943, ch. 403, § 1, repealed by L. 1947, ch. 778, § 1, eff. July 1, 1947. L. 1947, ch. 778, added § 884, which is now Education Law of 1947, § 3103.

ules and schedule conditions adopted by the board of education and on file in the office of the State Commissioner of Education on March 5, 1931. Pursuant to this provision the board of education filed salary schedules and schedule conditions, which are embodied in the by-laws of the board of education and the regulations of the board of examiners. The regulations (§ 23) under the heading " Salary credit for outside experience," provide that following the appointment of a person from the eligible list, the board of examiners shall evaluate the outside service of the appointee for the purpose of fixing his initial salary. The definition of " outside experience " includes experience in schools other than the public schools, and the method of computing fractional parts of years is laid down. Then follows the provision relied on by the plaintiff: " 4. In calculating outside teaching experience only experience as a regularly appointed teacher serving in day schools on a per annum salary shall be considered."

Though the defendant denies that the plaintiff's prior teaching experience constituted outside experience acceptable to the board of examiners or entitled him to a salary credit, it does not dispute the fact that the plaintiff was a regularly appointed teacher serving in the day schools of New York University on a per annum salary. It places its resistance to his claim to salary credit on section 214 of the by-laws of the board of education. This by-law reads: " Year of experience means experience satisfactory to the Board of Examiners and extending over a minimum span of approximately one calendar year and including a minimum of clock hours of service as follows: Teaching: 800 clock hours in teaching or supervision."

It is undisputed that the plaintiff's hours for each of the two academic years of teaching at New York University were 384, or a total of 768 for the two years. If his salary credit requires compliance with section 214 of the by-laws, it is obvious that he has not had the necessary number of clock hours in teaching. The answer does not state that section 214 was a condition of the salary schedules. Unless it was such a condition and in effect on March 5, 1931, it cannot add to the required elements of outside teaching experience prescribed in the regulations (§ 23, subd. 4). Under the Education Law (§ 3102), the plaintiff cannot be deprived of the benefit of any condition of the salary schedules on file on March 5, 1931. The credit for prior teaching experience is such a condition (*Cottrell* v. *Board of Education, supra*; *Wakefield* v. *Board of Education, supra*).

The direction for this credit becomes operative only after the teacher has been appointed (regulations, § 23). Section 214 of the by-laws appears under Part 2, entitled " Regulations and Requirements for Licenses." Section 214 is among the definitions which are introduced by the statement: " As used in these By-laws for license purposes: " In my opinion, section 214 does not enter into the computation of the salary credit for prior experience made only after appointment. Section 214 of the by-laws deals with qualifications for appointment. Section 23 of the regulations comes into play only after a person has become an appointee. Each operates in a separate field and neither adds to or limits the other. I hold that the plaintiff is entitled to a declaration that when his initial salary was fixed he should have been given the prior teaching salary credit now claimed.

There remains the question of the amount of the plaintiff's money recovery. His claim, whether regarded as contractual or as founded on statute, is governed by the six-year Statute of Limitations (Civ. Prac. Act, § 48). Under section 24 of the Civil Practice Act the period of thirty days after presentation of his claim, during which the plaintiff is by the Education Law (§ 2512) required to wait before instituting suit, must be excluded and is to be added to the six years (*Wakefield* v. *Board of Education, supra*; *Amex Asphalt Corp.* v. *City of New York*, 263 App. Div. 968, affd. 288 N. Y. 721). I reject the plaintiff's contention that because an action for a declaratory judgment may be brought within ten years and the duty to raise his salary to its proper level is a continuing one, he may enlarge his recovery and collect all his back salary. The applicable limitation cannot be circumvented so easily. Nor is the amount of the plaintiff's recovery dependent on the form of action he chooses as a medium for the judicial vindication of his right. He is entitled to the difference between his lawful salary and the amount actually paid to him which accrued within six years and thirty days before January 6, 1947, the date of the commencement of this action, with interest from the date of demand (*Harman* v. *Board of Education, supra*, p. 166; *Wakefield* v. *Board of Education, supra*).

Settle order accordingly.