JOSEPH B. STRUM, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Trial Term, New York County, January 6, 1949.

*Joshua J. Nasaw* and *Benjamin M. Zelman* for plaintiff.

*John P. McGrath, Corporation Counsel* (*Morris Weissberg* of counsel), for defendants.

SCHREIBER, J. Plaintiff seeks a declaratory judgment that at the time of his appointment as a teacher in the public school system he should have received salary credit for outside experience, which he was not allowed. In addition plaintiff asks judgment for the difference between the salary heretofore paid to him and the amount which would have been paid had he received the credit he claims for outside experience.

Plaintiff was appointed as a regular junior high school teacher on February 1, 1938. At the time of his appointment he submitted a statement as to his prior teaching experience, which claimed credit for parochial school teaching from September, 1929, to June, 1932, and from September, 1934, to January, 1938, a total of 6½ years. In addition, the records of the board of education showed that plaintiff had taught as a substitute in the public school system as follows: from February, 1932, to June, 1933 — 163 days; from September, 1933, to June, 1934 — 188 days; from September, 1934, to June, 1935 — 22 days; from February, 1936, to January, 1938 — 153 days.

Plaintiff was given 3 years credit for his prior teaching experience and placed in the fourth-year salary schedule for teachers in the junior high schools. At the bottom of defendants' Exhibit A is the following: " Amount of experience credited as equivalent to experience in the Public Junior High Schools of The City of New York up to date of this appointment. No. (0) years, of which — ( — ) years is based upon experience other than teaching experience. 3/15/38 (signed) E. S. Canning, Secretary, Board of Examiners."

It is clear from this statement above the signature of the secretary of the board of examiners that plaintiff received no credit whatsoever for outside experience and that the 3 years

credit which he did receive must therefore have been given him for his only other experience, viz., experience as a substitute teacher in the city's public schools.

In 1931 (L. 1931, ch. 540) the Legislature amended former section 889 of the Education Law by providing that " the schedules and schedule conditions fixing the salaries of members of the teaching and supervising staffs * * * shall be not less than the salaries and salary increments fixed by the schedules and schedule conditions adopted by such board of education * * * and on file in the office of the state commissioner of education on the fifth day of March, nineteen hundred and thirty-one." This statute made it mandatory upon the board of education to give to all new teachers the same credit for *outside* experience which teachers appointed on March 5, 1931, were entitled to receive (*Cottrell* v. *Board of Education of City of N. Y.*, 181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792). The statute did not, however, have the same mandatory freezing effect in respect of credits for experience as a *substitute* teacher in the public school system since the salary schedules on file in the office of the State Commissioner of Education were so worded that it was clear that the granting or withholding of credit for experience as a substitute was intended to rest in the discretion of the educational authorities (*Roantree* v. *Board of Education of City of N. Y.*, N. Y. L. J., Nov. 19, 1942, p. 1527, col. 6, MILLER, J., affd. 266 App. Div. 652).

The regulations of the board of examiners governing salary credit for outside experience which were in effect on March 5, 1931, and which were on file with the State Commissioner of Education, provided (§ 23, subd. 1) that the board of examiners shall " evaluate the outside experience of such appointee, for the purpose of fixing his initial salary as the equivalent of a certain number of years of experience in teaching in the type of day public school service in the City of New York indicated by the appointee's license." Subdivision 4 of section 23 of the regulations reads: " In calculating outside teaching experience only experience as a regularly appointed teacher serving in day schools on a per annum salary shall be considered." Concededly, plaintiff's outside teaching experience complied with the requirements of subdivision 4 (*supra*). If the question were an open one, it might well be argued that the board of examiners, in view of the wording of subdivision 1 of section 23, was not *required* to give plaintiff a year of credit for each year of his outside teaching experience and that subdivision 4 of section 23 was merely intended to prevent the board of examiners from giving

credit for outside experience unless it was obtained as a regularly appointed teacher in a day school on a per annum salary, but was not designed to make it mandatory upon the board of examiners to give a year of credit for each year of such outside experience. The question is not, however, an open one. In *Cottrell* v. *Board of Education of City of N. Y.* (*supra*) the plaintiff's outside experience had been obtained in the Hempstead High School. The Special Term held that plaintiff was entitled to a year of credit for each year he had taught in the Hempstead school. The board of education took the position in its brief to the Court of Appeals that the amount of credit, if any to be given for outside experience was for the board of examiners to determine and that said board could, in its discretion, refuse to grant any credit at all. The brief urged that '' Ten years' experience in a country school might be the equal of but one year in a city school * * * . Indeed such experience might be entirely worthless to the City school system.'' The attention of the Court of Appeals was directed to the fact that the charter and by-laws provided for '' evaluation '' of the outside experience and that the lower courts had not merely declared by-law 65 to be still alive, but '' have even decreed the precise amount of service credit (3 years) which shall be given ''. Respondent argued that subdivision 4 of section 23 of the regulations of the board of examiners made it mandatory for the board to grant a year's experience credit for each year spent as a regularly appointed teacher in outside day schools on a per annum salary. The affirmance by the Court of Appeals must therefore be deemed a square holding that the board of examiners must give a year of credit for each year of outside experience obtained as a regularly appointed teacher in day schools at a per annum salary. It follows that the contention of defendants in the instant case that plaintiff was not entitled to a full year of experience credit for each year he taught in a parochial school must be overruled, notwithstanding the fact that plaintiff taught only 3 hours per day in the parochial school, which is much less than the number of hours per day required of a teacher in the public schools. (In defense of his position, plaintiff's counsel states: '' It must be remembered that all parochial schools teaching any subjects must be licensed by the Department of Education and approved by the Commissioner of Education. Their curriculum must be approved. All their teachers must receive qualifying certificates.'')

Defendants rely on section 214 of the by-laws of the board of education, which defines a teacher's '' year of experience ''

as a minimum of 800 clock hours of teaching. It does not appear, however, that this by-law was in force on March 5, 1931, and was included in the salary schedules and schedule conditions on file with the State Commissioner of Education on that day. Furthermore, section 214 appears under the heading " Regulations and Requirements for Licenses " and is one of a number of definitions introduced by the statement " As used in these By-laws for license purposes." It is therefore clear that the definition of a year of experience as a minimum of 800 clock hours was intended only for the purpose of determining whether a candidate for a teaching license possessed sufficient experience to be eligible for such a license, and that it was not contemplated that the definition was to apply in determining what salary credit for previous experience a duly licensed new teacher was to receive. This has been well pointed out by Mr. Justice HOF-STADTER in the recently decided case of *Kramer* v. *Board of Education of City of N. Y.* (194 Misc. 128).

Defendants also rely upon a by-law reading " The regulations of the Board of Examiners shall so provide that no appointee shall receive for outside experience a credit greater than he might receive if employed during the same period in rendering similar teaching service in the schools of the City of New York ". This by-law, however, was not enacted until February 24, 1932, which was after March 5, 1931, the statutory freezing date. The by-law, therefore, cannot legally alter the credit which plaintiff was entitled to under the schedules and schedule conditions on file March 5, 1931.

It follows from the foregoing that at the time of his appointment plaintiff should have been credited with 6½ years of parochial school teaching. Although his complaint alleges and the answer admits that he also taught from September 19, 1932, to April, 1933, in another parochial school, plaintiff did not mention this experience in the statement filed by him with the board of examiners and he is therefore in no position at this late date to claim that he should have been credited, at the time he was appointed with this additional experience.

Under the regulations applicable to junior high school teachers, 2 years of teaching must be deducted from the 6½ years (regulation 23, subd. 7a), leaving 4½ years of experience for which, under that regulation, plaintiff was entitled to 2 years of salary credit. (A minimum of 5 years experience, after deduction of that 2 years, was necessary to entitle a teacher to 3 years salary credit.)

In October, 1938, plaintiff was appointed regular teacher in a *senior* high school. This did not entitle him, however, as he claims, to have his outside experience evaluated under those provisions of section 23 of the regulations of the board of examiners which govern appointments to senior high schools. Those regulations apply only where the appointee is entering the public school system from outside. The situation is controlled by subdivision 6 of section 65 of the by-laws of the board of education on file with the Commissioner of Education on March 5, 1931, reading as follows: " A teacher appointed or promoted to a higher position who shall have previously served in a lower position, the maximum salary of which is greater than the minimum salary of the higher position, shall be placed upon the next appropriate salary schedule at the salary next above that to which he or she would be entitled in the lower position, and shall thereafter advance in salary in accordance with the salary conditions applicable to the higher schedule."

On his appointment as a senior high school teacher, plaintiff became entitled to the salary on the senior high school schedule next above that which he should have been receiving under the junior high school schedule.

As previously observed, the notation at the end of defendant's Exhibit A indicates that plaintiff was given 3 years credit for experience as a substitute teacher. Since the granting of credit for substitute teaching was entirely within the discretion of the board of examiners, and since a by-law of the board of education adopted February 24, 1932, provided that the combined salary increment credit which could be given for *all* types of experience (i. e. outside, substitute, etc.) was limited to 3 years, it seems probable that the plaintiff would have been given no credit whatever for substitute experience had the board of examiners anticipated the later holding of the *Cottrell* case (*supra*) to the effect that the granting of a credit for outside experience was mandatory and not discretionary. However, this does not avail the defendants in the instant case, for the credit for substitute teaching which the board of examiners in the exercise of its discretion granted to plaintiff may not now be taken from him merely because the discretion might have been exercised differently had the board of examiners known at the time what the Court of Appeals was to hold some years later. A similar situation obtained in *Wakefield* v. *Board of Education of City of N. Y.* (192 Misc. 639). Pencil notations on Exhibit 1 annexed to the answer in that case indicated (p. 641) that the board of examiners had deemed it immaterial whether the 3-year salary

increment credit was given for teaching experience or for trade experience, since they believed that the maximum credit allowance had been granted. As Mr. Justice Null pointed out (p. 642): "The misconstruction of the power granted to the board of education, and by them delegated to the board of examiners, was, indeed, unfortunate. It resulted in granting of that which the board had the power to withhold and a withholding of that which it was under legislative mandate to grant. No useful purpose would be served, however, in speculating upon what the board might have done had clarification of the 1931 amendment of the Education Law been effected prior to the appointment of plaintiff's intestate. The fact remains that it allowed, as it had the right to allow, a discretionary three year's salary credit to the plaintiff's intestate for trade experience." This holding was affirmed by the Appellate Division (274 App. Div. 884).

Although it is too late to take from plaintiff credit for substitute experience which the board of examiners in a proper exercise of its discretion gave him, a different situation is presented to the extent that some of the credit given to plaintiff for substitute experience violated a by-law of the board of education which limited credit for substitute experience to that obtained during the period of 5 years immediately prior to the teacher's appointment. The granting of credit for substitute experience obtained more than 5 years previous to plaintiff's appointment was improper and illegal under the by-law and plaintiff's credit for substitute teaching must be reduced accordingly. Under the by-laws of the board of education, substitute teaching was evaluated at the rate of 1 year for each 180 days of substitute experience. During the 5 years immediately preceding the plaintiff's appointment, he had taught as a substitute only 454 days, which was almost 90 days less than the 540 days necessary to entitle him to credit for 3 years of substitute teaching. He was therefore entitled to receive credit for only 2 years of substitute teaching, and the credit of 3 years given to him must therefore be reduced by 1 year. Although the by-law which limited credit for substitute teaching to the 5 years immediately preceding the appointment of a teacher was not adopted until after March 5, 1931, it was nevertheless valid and legal, since it dealt only with the amount of credit to be given for *substitute* teaching — a matter within the discretion of the board of examiners (*Roantree* v. *Board of Education of City of N. Y., supra*).

The defendants also urge that plaintiff is not entitled to credit for both parochial school and public school teaching to the

extent to which they were concurrently performed. In the period from September, 1934, to June, 1935, plaintiff did substitute teaching for 22 days. During the same period he taught for 2 full terms (200 days) in a parochial school. During the period from February, 1936, to January, 1938, plaintiff did substitute teaching for 153 days. During the said period plaintiff taught 2 full years (400 days) in a parochial school. On July 9, 1947, the board of education amended its by-laws so as to provide that " concurrent service shall not be credited ". Apparently there was no earlier express prohibition against the granting of credit for concurrent service. It does not appear that any such prohibition was contained in the salary schedules and schedule conditions filed with the State Commissioner of Education on March 5, 1931, nor does it appear that it was the practice on March 5, 1931, not to allow credit for concurrent service. It is unnecessary, however, to determine whether or not plaintiff is entitled to credit for concurrent service as a substitute teacher and as a teacher in a parochial school. This will now be demonstrated. Clearly, the fact that plaintiff taught 22 days as a substitute teacher during the school year beginning in September, 1934, should not deprive him of all credit for the full year of 200 days taught in the parochial school beginning in September, 1934. Similarly, the fact that plaintiff taught 153 days as a substitute teacher during the 2 years beginning in February, 1936, should not deprive plaintiff of all credit for the 400 days taught by him in the parochial school during the same period. The most that may be said for the defendants, *assuming that no credit is given for concurrent teaching,* is that plaintiff should lose credit for 1 full year of parochial school teaching (200 days) by reason of his having concurrently taught 175 days (22 plus 153) as a substitute teacher, which is 5 days less than the 180 days necessary to make up a full year of substitute teaching. If plaintiff is thus deprived of 1 year of credit for parochial school teaching, his 6½ years of credit for parochial school teaching is reduced to 5½ years. Deduction of 2 years pursuant to subdivision 7a of regulation 23 (*supra*) leaves 3½ years of experience for which under the regulation plaintiff was entitled to 2 years of salary credit, the same amount as he would be entitled to for 4½ years of experience. In order to obtain 3 years' salary credit plaintiff was required under subdivision 7 of section 23 of the regulations to have taught at least 5 years after the 2-year deduction above referred to. Regardless, therefore, of whether or not plaintiff is given credit for concurrent

service, he was entitled at the time of his appointment to only 2 years' salary credit for outside experience.

In view of the fact that 1 year of salary credit must be deducted from the 3 years' salary credit previously given plaintiff because it was granted in violation of the by-laws of the board of education, the plaintiff is entitled to a total salary credit of 2 years for parochial school teaching and 2 years for substitute teaching, an aggregate of 4 years. He should therefore have received fifth-year salary at the time of his appointment instead of fourth-year salary, and he was entitled to the appropriate increase to the next higher salary in the senior high school salary schedule when he received his appointment as a senior high school teacher in October, 1938.

Various other contentions of the defendants are identical with those made in *Wakefield* v. *Board of Education of City of N. Y. (supra)* and overruled both at Special Term and by the Appellate Division. These are (1) the claim that plaintiff has an adequate remedy at law by a proceeding under article 78 of the Civil Practice Act, and that the court should therefore not entertain an action for declaratory judgment; and (2) that plaintiff has been guilty of laches, which constitute good defenses to the action.

Plaintiff's recovery, however, should be limited to the difference between the salary which he should have received in accordance with the foregoing and the salary which he actually received, for the period of 6 years immediately preceding the commencement of the action plus the additional 30 days which plaintiff was required to wait after service of a notice of claim and demand upon defendants before suit could properly be commenced (*Wakefield* v. *Board of Education of City of N. Y., supra*, p. 644). The running of interest is to commence from the date of the service of the notice of claim and demand (see *Wakefield* v. *Board of Education of City of N. Y., supra*, as modified by the Appellate Division in respect of interest).

The foregoing represents the decision of the court; findings have been waived. Settle judgment on 5 days' notice.