LOUIS KUSSIN, Respondent, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.

First Department, March 13, 1951.

*Seymour B. Quel* of counsel (*Michael A. Castaldi, Morris Weissberg* with him on the brief; *John P. McGrath, Corporation Counsel*), for appellants.

*A. Mark Levien,* for respondent.

*Per Curiam.* The statute (L. 1931, ch. 540) made it mandatory upon the board of education of the city of New York to accord to plaintiff upon his appointment as a teacher in 1935 no less credit for outside teaching experience than that provided in the schedule conditions on file in the office of the State Commis-

sioner of Education on March 5, 1931. (*Strum* v. *Board of Education of City of N. Y.*, 194 Misc. 182, affd. 277 App. Div. 855, affd. 301 N. Y. 803; *Cottrell* v. *Board of Education of City of N. Y.*, 181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792; *Kramer* v. *Board of Education of City of N. Y.*, 194 Misc. 128, affd. 275 App. Div. 915.)

When he was appointed as a regular teacher of civics in the public high schools of the city of New York in February, 1935, plaintiff was entitled to credit in the salary schedule under which he was appointed for prior teaching experience if such experience was only as a regularly appointed teacher serving in day schools on a per annum salary. Whether his experience for two years as a teacher in a parochial school in the late afternoon for three sessions of forty minutes per day while he was regularly employed as an interviewer in the New York State Employment Service during the usual business hours of the day, is teaching experience entitled to credit under the statute presents issues of fact which should be determined upon a full trial. The terms of his compensation, the length of time and the hours of his service, the nature of his experience and the standing of the school may all be fully inquired into upon a trial and it then may be determined whether the board of examiners should have evaluated the outside experience of plaintiff as the equivalent of two years of experience in teaching in the type of day public school service in the city of New York indicated by the appointee's license.

The order and the judgment entered thereon should accordingly be reversed, with costs, and the motion for summary judgment should be denied.

PECK, P. J., GLENNON, COHN, CALLAHAN, and SHIENTAG, JJ., concur.

Judgment and order unanimously reversed, with costs.