NEW YORK WATER SERVICE CORPORATION, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, December 19, 1951.

*Denis M. Hurley, Corporation Counsel,* for defendant.

*Robert L. Boehm* for plaintiff.

COHALAN, J. Motion to strike the complaint on the ground that the same fails to state facts sufficient to constitute a cause is denied. The complaint as drawn seeks recovery for breach of contract. The contract relied upon was a franchise held by plaintiff to supply water in a part of the Greater City. The breach pleaded is the failure of defendant to issue permits required by plaintiff to carry on its business under the franchise. Whether or not in such circumstances the holder of a franchise can sue at law or is limited to proceeding under article 78 of the Civil Practice Act has not apparently been determined in this jurisdiction. The dicta relied upon by plaintiff and appearing in *Jamaica Water Supply Co.* v. *City of New York* (57 Misc. 475) is the only indication brought to the court's notice or discovered by independent research which touches on the point.

In McQuillan on Municipal Corporations (3d ed., Vol. 12, § 34.59) it is stated that an action for damages does not lie. It

is not too clear, therefore, that plaintiff has any claim enforcible at law. Nevertheless, it noted that the Appellate Division in this department has recently permitted a complaint to stand in an action instituted by a school teacher to recover money damages resulting from a salary loss brought about by an allegedly improper classification (*Kussin* v. *Board of Educ. of City of N. Y.*, 278 App. Div. 50). There can of course be no doubt that the factual situations have nothing in common but it is crystal clear that the remedy provided by article 78 is equally available in both cases. Beyond this the situation at bar is complicated. Use of plaintiff's wells may have been in conflict with the sovereign policy of the State or of the municipality. The attempted use of mandamus to obtain the permits was met with a decision that the application had been rendered academic by the exercise of the municipality's power of eminent domain. In such circumstances the complaint will be permitted to stand.