GEORGE J. KUNZ et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, December 21, 1953.

*Denis M. Hurley, Corporation Counsel (Howard Fishback* of counsel), for defendant.

*Emil K. Ellis* and *Jonas Ellis* for plaintiffs.

FRANK, J. This action involves two principal questions: (1) whether these plaintiffs have been illegally deprived of the right of employment for sixty-three days in each of the years involved; (2) whether the plaintiffs, if entitled to recover, have waived that right for a portion of the time involved.

The plaintiffs, regular civil service employees, each with the title of crane engineman, electric, were entitled, pursuant to the Labor Law (§ 220), to be paid the per diem rate of wages prevailing in the same trade in private industry. Although the City of New York employed provisional crane enginemen, electric, for 313 days each year at a fixed annual salary, the terms and provisions of the city budget expressly limited plaintiffs, and others with like status receiving the per diem prevailing rate, to a total of 250 working days.

It is decisively established that while there was sufficient work to occupy the plaintiffs for the full 313 days, the defendant gave them only 250 days of employment and for the balance of the time used provisionals who were paid at an annual rate.

By this action, plaintiffs seek to recover wages for the days on which they were not permitted to work. They were offered contracts providing for their employment for a full year at an annual salary, but the salary fixed was no greater than the per diem prevailing rate for a maximum of 250 days. If accepted, the contract would, in effect, require plaintiffs to work 313 days at a per diem rate lower than the prevailing one. The provisionals were employed at this lower scale.

In years not of concern here, plaintiffs, or some of them, agreed to work on such an annual basis, but for the periods now in litigation, they have not so stipulated.

Fundamentally, the issue is whether the city may deprive civil service employees entitled to the prevailing per diem rate of that right when work is available, by limiting their employment to 250 days and by using less costly provisionals for the remainder of the working time in a given year.

There can be no thwarting of the legislative purpose to secure to civil service employees the prevailing per diem rate, through the device of limiting the number of days that these men may work and then, by the subterfuge of an annual salary, substi-

tuting others not similarly qualified, at a lower wage. While economy in the management of municipal affairs is a laudable goal, and while it may be sound business tactics to engage personnel at the lowest possible cost, such practices, when applied to persons having civil service status and protected by laws creating prevailing wage standards, are violative of existing statutory safeguards. Before city officials apply the method now under attack, it is essential to obtain the power so to do from the legislative arm of State Government. The adoption of a budget authorizing the action taken is of no avail to the defendant. Such a unilateral act cannot invalidate the mandate establishing the rights of these plaintiffs.

The defense that there has been no discrimination practiced against plaintiffs is legally unsound. To use those having no civil service status as part-time substitutes for appointed civil service employees who are thereby deprived of employment, is discriminatory. Such discrimination is not corrected or avoided by offering civil service employees a contract which diminishes their earnings, however acceptable to those not having such preferred status.

*Matter of Estes* v. *City of New York* (186 Misc. 808, affd. 279 App. Div. 983, motion for leave to appeal denied, 304 N. Y. 986), is distinguishable on the facts. There the petitioning civil service employees worked at bridge painting at the prevailing wage rate for the estimated number of days each year when the weather would permit. Others of equal classification but junior in service worked all year, for on the days when the weather did not permit bridge painting, they were employed outside their craft. The relief was denied because it did not appear that the juniors were employed in their craft on the number of days in excess of 180 for which recovery was sought.

The city's contention that plaintiffs can obtain relief only by way of mandamus under article 78 of the Civil Practice Act is rejected (*Kussin* v. *Board of Educ. of City of N. Y.*, 278 App. Div. 50; *New York Water Service Corp.* v. *City of New York*, 201 Misc. 594, affd. 279 App. Div. 1048, affd. 304 N. Y. 945; *Toscano* v. *McGoldrick*, 300 N. Y. 156).

It must be held that the releases relied upon by the city did not contemplate the claims now under consideration and do not constitute an adequate defense. *Matter of Dinan* v. *Patterson* (193 Misc. 92, affd. 275 App. Div. 801), urged by the defendant in support of its contention is distinguishable upon the facts. There, contracts were offered all enjoying civil service status. Here, provisional employees accepting the city's contract had

neither the tenure nor the status of these plaintiffs and did in fact displace and deprive them of full employment.

The waivers provide, in part, for the release of the city from any claim arising " by reason of *services heretofore rendered* by me as an employee of the City of New York and more particularly by reason of any claim for *differences in wages heretofore received by me* under Section 220 of the Labor Law or by reason of any matter, cause or thing whatsoever arising therefrom " (emphasis supplied). A claim for " services heretofore rendered " is not here involved. It is rather for the wrongful act of not making employment available. Neither is " differences in wages " the gravamen of this action. Implicit here is that recovery is sought for a failure to give available work to civil service employees rather than to provisionals. The clause in the release reading " or by reason of any matter, cause or thing whatsoever arising therefrom " relates back to the Labor Law and claims arising under section 220 thereof. As already indicated, this action is essentially one involving the Civil Service Law and there is no dispute that the per diem rate was in consonance with the applicable provision of the Labor Law. It is for this reason that the determination in *Matter of Manning* v. *Joseph* (304 N. Y. 278), is deemed not applicable. There, the release was a bar to a suit involving varying rates within the same group based on different shifts of work. The claims released were predicated on the Labor Law and not on the Civil Service Law.

What reason suggests, the Civil Service Law dictates. Section 8-a, in part, provides: " No public officer shall require an employee to waive any rights accruing to such employees under this chapter ". The record discloses that the releases were executed and delivered at the time payment was made and for the exact sum involved in the pay differential for work actually performed, in order to comply with the prevailing rate as fixed. The question now posed was, therefore, not contemplated by the parties nor involved in the controversy terminated by the releases.

It would still be of no avail to the city if a more favorable view of these waivers were adopted, for the court is impelled to embrace the reasoning expressed in *Toscano* v. *McGoldrick* (300 N. Y. 156, *supra*), upon which it must be held that the releases are unenforcible.

The motions to dismiss made at the close of plaintiffs' case and upon the entire case are herewith denied. Judgment is directed for the plaintiffs.

This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Judgment should be settled accordingly, with appropriate interest and costs. If the parties are unable to stipulate the sum due each plaintiff and the interest date, memoranda are requested. The defendant is granted thirty days' stay and sixty days to make a case.