BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWN OF OTEGO and Other Towns, Appellant, *v.* CAROL C. RICKARD et al., Respondents.

Third Department, June 3 1969.

136

Latham & Mogavero (*Livingston S. Latham* of counsel), for appellant.

Sneeringer & Rowley (*Michael Bergan* of counsel), for respondents.

STALEY, JR., J.  This is an appeal from an order of the Supreme Court, County of Otsego, entered January 3, 1969, granting defendants' motion to dismiss the action for a declaratory judgment, and directing entry of a judgment dismissing the action.

On December 9, 1964 the defendant Carol Carpenter Rickard was appointed by plaintiff as kindergarten instructor for a probationary period of five years beginning January 1, 1965 at an annual salary of $2,400 which appointment she accepted. Her duties required the teaching of a single session of kindergarten from the hours of 8:30 A.M. to 11:30 A.M., on each school day.  She performed these duties until June 30, 1966 receiving an increased salary for the school year commencing September, 1965 in the sum of $2,600.

The defendant Phyllis Forsythe was appointed by the plaintiff on July 11, 1966 as one-half day kindergarten teacher at an annual salary of $2,975, and she performed duties similar to defendant Rickard for the years 1966–67 at an annual salary of $2,975, and for the year 1967–68 at an annual salary of $3,300. The salaries paid to the defendants were one half of the amounts scheduled for full-time teachers.

At the June, 1968 meeting of plaintiff, a letter was presented from defendants stating that defendants had been informed that they were entitled to full salaries for the years employed as one-half day kindergarten teachers, and demanded payment of the difference between the full salary for the periods of their employment and the amount which they had received.  Plaintiff made an investigation relative to the demands of defendants and was advised by the legal division of the New York State Department of Education that the defendants were entitled to

full salaries for their part-time performance of duties as teachers of a single session of kindergarten.

It is conceded that defendants each received one half of the salary established under the provisions of the Education Law, and the by-laws adopted by the plaintiff; that a full-time kindergarten teacher teaching two sessions of kindergarten was employed by plaintiff who received. a full salary; and that both of the defendants, during the time they were so employed, accepted the compensation set forth in their notices of appointment with the increments in following years, and made no demands on plaintiff for further compensation until the month of June, 1968. Plaintiff has not paid the additional salary as demanded by defendants, nor has it refused to meet their demands.

In October, 1968 plaintiff instituted this action for declaratory judgment seeking a declaration of the rights of plaintiff and defendants in regard to the claims made by the defendants for additional compensation, and for a declaration that each of the defendants is not entitled to such additional compensation by reason of the provisions of sections 3102 and 3103 of the Education Law.

In moving to dismiss the action for declaratory judgment, defendants contend that the court does not have jurisdiction because plaintiff has not exhausted. its administrative remedy under section 310 of the Education Law; that the action was not timely commenced; that the complaint does not state a cause of action; and that there has been an omission as parties of persons interested in or who might be affected by the relief sought.

Section 3102 of the Education Law authorizes school authorities of school districts to '' adopt by-laws fixing salary schedules for all full-time teachers, which schedules shall comply with the minimum salary requirements set forth in section thirty-one hundred three '', and also to '' adopt by-laws fixing the salaries of administrative and other employees.''

It is apparent that a determination of the defendants' status as a full-time teacher or a part-time teacher will require an interpretation of various sections of the Education Law and, therefore, an action for declaratory judgment is appropriate to establish the rights of plaintiff and defendants in regard to defendants' claim for additional compensation.

Direct resort may be had to judicial remedies, especially to an action for declaratory judgment, where the legality or meaning of a statute or of a ruling made by an administrative official

is in dispute and no question of fact is involved. (*Board of Educ. of City of Syracuse* v. *King*, 280 App. Div. 458; *Dun & Bradstreet* v. *City of New York*, 276 N. Y. 198; *Kirn* v. *Noyes*, 262 App. Div. 581; 24 Carmody-Wait 2d, New York Practice, § 147.16.)

In the case of *Board of Educ. of City of Syracuse* v. *King* (*supra*), the Auditor of the City of Syracuse was requested to issue warrants in payment of teachers' salary increases and claimed that under the provisions of the Education Law he could not legally issue the warrants for the payment of the salary increases. The court held that the case was a proper one for a declaratory judgment and determined that the defendant had legal authority to issue the warrants.

Since a justiciable controversy exists between plaintiff and defendants, the determination of which depends upon the interpretation of the Education Law, plaintiff correctly invoked the remedy of an action for declaratory judgment.

Defendants contending that an action for declaratory judgment is not appropriate because a more adequate remedy is available by way of an appeal to the Commissioner of Education rely on the provisions of section 310 of the Education Law which provides: "Any person conceiving himself aggrieved may appeal or petition to the commissioner of education * * * Such appeal or petition may be made in consequence of any action: * * * 4. By the trustees of any district in paying or refusing to pay any teacher ".

Plaintiff has not paid the additional salary demanded by defendants, nor has it refused to pay such additional salary and, therefore, it is not an " aggrieved person " as contemplated by the statute, and is not in a position to appeal to the Commissioner of Education. It seeks merely a legal determination of its obligation to the defendants.

In *Cottrell* v. *Board of Educ. of City of N. Y.* (181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792), an action for declaratory judgment was brought to declare illegal and void the acts of the defendant in eliminating salary increments in violation of the Education Law. The defendant pleaded as a defense that the plaintiff had an adequate remedy at law by appeal to the Commissioner of Education which defense was stricken by the court.

" But where the right of a party depends upon the interpretation of a statute and it is claimed that a school board or official has proceeded to act in violation of an express statute, and thereby the party complaining is being deprived of valuable rights, the courts will not be ousted of jurisdiction to determine

the matter, notwithstanding another method of settling the controversy has been provided.'' (*Matter of O'Connor* v. *Emerson,* 196 App. Div. 807, 810, affd. 232 N. Y. 561; *Kramer* v. *Board of Educ. of City of N. Y.,* 194 Misc. 128, affd. 275 App. Div. 915; *Strum* v. *Board of Educ. of City of N. Y.,* 194 Misc. 182, affd. 277 App. Div. 855, affd. 301 N. Y. 803.)

Defendants' other contentions that the action was not timely brought and that necessary parties had been omitted are without merit.

The order should be reversed, on the law and the facts, and the motion denied, without costs.

GIBSON, P. J., HERLIHY, AULISI and COOKE, JJ., concur.

Order reversed, on the law and the facts, and motion denied, without costs.