■ JOHN DE GIACOMO, Appellant, v C. SAMUEL KISSINGER, as City Manager of the City of New Rochelle, et al., Respondents.—In an action to declare the obligation of the defendants to pay for certain medical expenses to be incurred in the future by the plaintiff, the appeal is from an order of the Supreme Court, Westchester County, entered August 30, 1977, which granted defendants' motion to dismiss the complaint as time barred. Order reversed, with $50 costs and disbursements, and motion denied. The plaintiff, a former municipal police officer with medical coverage benefits as provided in section 207-c of the General Municipal Law, submitted a $29.20 medical bill to defendants for reimbursement. The claim was denied by the defendant commissioner of police. More than four months after such denial plaintiff instituted this action for a judgment declaring defendants liable for the amount of the rejected bill and the expense of further corrective surgery allegedly necessitated by the same occurrence. We hold that section 207-c is properly the basis for a common-law action for declaratory relief, and is subject to the three-year limitation period contained in CPLR 214 (subd 2) applying to an action for recovery "upon a liability * * * created or imposed by statute" (cf. Poniatowski v City of New York, 14 NY2d 76; Board of Educ. v Rickard, 32 AD2d 135; Kramer v Board of Educ., 194 Misc 128, affd 275 App Div 915). Accordingly, it is of no moment that plaintiff failed to institute an article 78 review proceeding within four months of the denial of his claim. It also merits mention that since there was no evidentiary hearing or other opportunity to contest the decision of the commissioner of police, no estoppel or res judicata effect may arise (see Schwartz v Public Administrator of County of Bronx, 24 NY2d 65; Matter of Colton v Berman, 21 NY2d 322, 337; Matter of City of Albany v McMorran, 34 Misc 2d 316). Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.