In the Matter of JENNIE E. MURRAY, Appellant, against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Respondent.

(Argued January 5, 1932; decided February 9, 1932.)

*Clifton P. Williamson, William H. P. Oliver* and *James D. Ewing* for appellant. As a matter of law there was no fraud or misrepresentation on the part of the petitioner. (*Farnsworth* v. *Duffner*, 142 U. S. 43; *Ochs* v. *Woods*, 221 N. Y. 335; *Brackett* v. *Griswold*, 112 N. Y. 454.) The plea of illegality is insufficient in law, and if in issuing the certificate in 1918 the Retirement Board committed error it was not such as to take its act outside its jurisdiction. (*Matter of Poucher* v. *Berry*, 249 N. Y. 17; *Smith* v. *Hedges*, 223 N. Y. 176; *People ex rel. Smith* v. *Clarke*, 174 N. Y. 259; *Equitable Trust Co.* v. *Hamilton*, 226 N. Y. 241.) The allegations contained in the answer with respect to alleged fraud and illegality are insufficient as a matter of law. (*Riddle* v. *Bank of Montreal*, 145

App. Div. 207; *Almirall & Co. v. McClement*, 207 App. Div. 320; 239 N. Y. 630; *Swift v. Chester Carbon Co.*, 223 App. Div. 808; *Wallace v. Jones*, 182 N. Y. 37; *Knowles v. City of New York*, 176 N. Y. 430; *Ochs v. Woods*, 221 N. Y. 335.)

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly, Willard S. Allen* and *William E. C. Mayer* of counsel), for respondent. The petitioner has mistaken her remedy. (*Matter of Creveling v. Teachers' Retirement Board*, 255 N. Y. 364; *Matter of Mason Co. v. Berry*, 254 N. Y. 578; *People ex rel. McMackin v. Board of Police*, 107 N. Y. 235; *Spanhake v. Teachers' Retirement Board*, 224 App. Div. 75; 249 N. Y. 605; *Matter of Brooklyn Improvement Co. v. Pounds*, 174 App. Div. 448; *People ex rel. Rolf v. Coler*, 58 App. Div. 131; *People ex rel. Pumpyansky v. Keating*, 168 N. Y. 390.) The Retirement Board is not estopped by its certificate of 1918. (*Nissen v. McCafferty*, 202 App. Div. 528; *People ex rel. McNulty v. Maxwell*, 123 App. Div. 591.) The prior-service certificate issued to the petitioner is not final and conclusive as to the prior service therein allowed. (*Matter of Langdon v. Teachers' Retirement Board*, 135 Misc. Rep. 271; 226 App. Div. 870; 252 N. Y. 508; *People v. Journal Co.*, 213 N. Y. 1; *People ex rel. Lewis v. Brush*, 146 N. Y. 60; *People ex rel. Corrigan v. Mayor*, 149 N. Y. 215; *Matter of Barresi v. Biggs*, 203 App. Div. 2; *Matter of Davis v. Sexton*, 211 App. Div. 233; *Matter of Poucher v. Berry*, 249 N. Y. 16.)

LEHMAN, J. The petitioner, a teacher in the public schools of the city of New York, became a member of the Teachers Retirement Association on August 1, 1917. In September, 1918, the Teachers' Retirement Board issued a certificate certifying that the petitioner " is entitled to an aggregate credit of 22 years 0 months and 8 days as a prior service allowance on account of all service rendered prior to and including the 16th day of September, 1917." In June, 1930, the petitioner made written application for

retirement on September 9, 1930. Including the period of prior service allowance to which the petitioner was entitled as certified by the Board, the petitioner had served thirty-five years on that date. The Greater New York Charter declares that the certificate issued by the Teachers' Retirement Board shall be " final and conclusive " as to the teacher's prior service unless modified thereafter. (§ 1092, subd. H; Laws of 1901, ch. 466; amd. Laws of 1917, ch. 303.) The certificate issued to the petitioner has not been modified, and the time in which application might be made for such modification by the Board has long passed. Nevertheless under a claim that petitioner's prior service is over two years less than stated in the certificate, the Teachers' Retirement Board refuses to recognize the petitioner's retirement or to draw a warrant for payment of any retirement allowance or pension to her.

The petitioner's application for retirement became effective without any action of the defendant Board, if in fact she was entitled to prior service as certified by that Board. (*Matter of Creveling* v. *Teachers' Retirement Board*, 255 N. Y. 364.) Then she would be entitled to payment of her pension or retirement allowance upon warrant drawn by the Board. Its action then would be purely ministerial, and may be compelled by mandamus. The declaration of the statute that the certificate of prior service, issued by the Board almost twelve years prior to the petitioner's application for retirement, shall be " final and conclusive," may not be disregarded by the Board. Before such certificate of prior service could be given, the teacher was required to file " a detailed statement of all such service " and the Board was required to " verify such statement as to prior-service." Decision as to the correct amount then rested with the Board. It made that decision. Now it refuses to give effect to its own decision.

Doubtless the conclusive effect of a decision of an

administrative or quasi-judicial board is limited to matters within the jurisdiction of the Board. The statute fixes the nature of the service for which a teacher is entitled to credit. The jurisdiction of the Board is limited to the determination of whether such service has been rendered, and the computation of its equivalent in years. If it exceeds its jurisdiction and includes in its certificate prior service for which there is no warrant in law, then its decision cannot be given the effect of creating rights which are denied by the statute. (*Matter of Langdon* v. *Teachers' Retirement Board*, 252 N. Y. 508.) So, too, if the decision is the result of fraud or collusion. (*Osterhoudt* v. *Rigney*, 98 N. Y. 222.) A claimant cannot by mandamus preclude a judicial examination of the merits of the claim when a prior decision is challenged on such grounds. (*Matter of Mason Co.* v. *Berry*, 254 N. Y. 578.) It is no answer to an application for an order of mandamus that a prior decision, which under the statute is conclusive, is the result of an error in the determination of questions of fact. (*People ex rel. Smith* v. *Clarke*, 174 N. Y. 259.)

In the present case the answer contains nothing more. True, it alleges that in her " detailed statement of service " the petitioner " erroneously, falsely and fraudulently " stated her claim, but it fails to show any fraudulent misrepresentation of fact, or indeed any misrepresentation of anything other than the petitioner's conclusions and computations which the defendant Board was required to verify before it made its certificate. Indeed, the same officer of the Board who signed the certificate, issued in 1918, is said to have discovered the fraudulent error by a " recheck " in 1930 of the same " detailed statement " which according to that certificate had been verified by the Board before the certificate was issued. Except in one trifling particular, that " detailed statement " contained no representation of any period of service in any school which is now claimed to be false. The alleged

fraud is said to lie in the petitioner's failure to disclose that, during some years, the service rendered on the basis of hour, day or session was not the equivalent of a year of service. It was the duty of the Board to make that computation, at least unless the statement filed contained false representations which might conceal the need for such computation. (Cf. *Smith* v. *Hedges*, 223 N. Y. 176.) Here there was no concealment of such facts. Indeed, the statement shows that for service rendered by the petitioner during some years she did not claim full allowance on a per annum basis. The defendant Board is the tribunal to which the law had committed verification of the statement, and decision as to the facts. Even if insufficient verification led to erroneous decision on the facts the decision itself still remains final and conclusive.

The order of Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.