ELIZABETH G. CONNOR, Appellant, v. TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Respondent.

(Argued March 16, 1932; decided April 26, 1932.)

*Samuel D. Smoleff* and *Leonard M. Wallenstein* for appellant. The decision of the Retirement Board as to the amount of credit allowed to the teacher for service in vacation schools and vacation playgrounds is final and conclusive. (*Matter of Murray* v. *Teachers' Retirement Board,* 258 N. Y. 389.) The certificate of prior service is final and conclusive with respect to the computation of the total credit allowed. (*Supervisors* v. *Briggs,* 2 Denio, 26; *Smith* v. *Hedges,* 223 N. Y. 176; *People ex rel. Smith* v. *Clarke,* 174 N. Y. 259; *Equitable Trust Co.* v. *Hamilton,* 226 N. Y. 241.) The plaintiff's attendance at the Brooklyn Training School for Teachers entitled her to be credited with two years of teaching service for one year of attendance at such school, in accordance with the by-law of the Board of Education of the city of Brooklyn relating to such attendance. (*Bogert* v. *Board of Education,* 106 App. Div. 56; *Fitzpatrick* v. *Board of*

*Education,* 67 Misc. Rep. 564; *People ex rel. Callahan* v. *Board of Education,* 174 N. Y. 169; *Moore* v. *Board of Education,* 121 App. Div. 862; *Brooklyn Teachers' Assn.* v. *Board of Education,* 85 App. Div. 47; *Matter of Poucher* v. *Berry,* 249 N. Y. 16; *People ex rel. Chase* v. *Wemple,* 144 N. Y. 478; *People ex rel. Eckerson* v. *Zundel,* 157 N. Y. 513; *People ex rel. Best* v. *Preston,* 62 Hun, 185; 131 N. Y. 644.)

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly and Willard S. Allen* of counsel), for respondent. The Board was without jurisdiction to allow the plaintiff a credit of two years as for teaching service because of her attendance during not more than one calendar year as a pupil at Brooklyn Training School. (*Matter of Creveling* v. *Teachers' Retirement Board,* 255 N. Y. 364; *Matter of College of City of New York* v. *Hylan,* 205 App. Div. 372; 236 N. Y. 594; *Anthony* v. *Syracuse University,* 224 App. Div. 487; *Goldstein* v. *New York University,* 76 App. Div. 80; *Jeu Jo Wan* v. *Nagle,* 9 Fed. Rep. [2d] 309; *United States* v. *Tod,* 297 Fed. Rep. 172; *Rees* v. *Teachers' Retirement Board,* 247 N. Y. 372; *People* v. *City of Buffalo,* 57 Hun, 577; *People ex rel. King v. Gallagher,* 93 N. Y. 438; *Johnson* v. *Board of Education,* 210 App. Div. 723; *Katterchinsky* v. *Board of Education,* 215 App. Div. 695; *Matter of Murray* v. *Teachers' Retirement Board,* 258 N. Y. 389; *Matter of Langdon* v. *Teachers' Retirement Board,* 226 App. Div. 870; 252 N. Y. 508; *Clark* v. *Utica Gas & Electric Co.,* 224 App. Div. 448; *St. John of Vizzini* v. *Cavallo,* 134 Misc. Rep. 152; 227 App. Div. 782; *People ex rel. Knoblauch* v. *Warden,* 216 N. Y. 154; *Matter of McAneny* v. *Board of Estimate,* 232 N. Y. 377.) The Board was without jurisdiction to allow the plaintiff credit, for retirement purposes, because of her vacation playground and vacation school service. (*Matter of Murray* v. *Teachers' Retirement Board,* 258 N. Y. 389.) The Board

had no jurisdiction to allow the plaintiff two years of credit which she did not claim. (*Weld* v. *Postal Telegraph-Cable Co.*, 210 N. Y. 59; *De Witt* v. *Hosmer*, 3 How. Pr. 284; *McMaster, Inc.*, v. *Chevrolet Motor Co.*, 3 Fed. Rep. [2d] 469; *Board of Medical Examiners* v. *Taylor*, 56 Tex. Civ. App. 291; *State* v. *Lock*, 302 Mo. 400; *State* v. *Illinois Central R. Co.*, 246 Ill. 188; *United States Fidelity & Guaranty Co.* v. *Downey*, 38 Col. 414; *State* v. *Brown*, 83 Fla. 339; *Matter of Murray* v. *Teachers' Retirement Board*, 258 N. Y. 389; *People* v. *Journal Co.*, 213 N. Y. 1.) The error of twenty-five days' credit in plaintiff's favor in the computation of her vacation playground and vacation school service may now be corrected. (*Matter of Murray* v. *Teachers' Retirement Board*, 258 N. Y. 389.)

LEHMAN, J. The plaintiff on August 1st, 1917, was a teacher regularly employed in the public schools of the city of New York. Her rights as a contributor to the teachers retirement fund are measured by the length of her prior service as that term is defined in the statute (Greater N. Y. Charter, § 1092, subd. H; Laws of 1901, ch. 466, amd. Laws of 1917, ch. 303). The section which defines the nature of the service for which credit may be given also establishes the procedure by which the length of the service must be determined. The teacher must file a " detailed statement of all such service rendered by him." Then the Retirement Board must " verify such statement as to prior-service and shall issue to each teacher a certificate certifying to the aggregate length of his prior-service. Such certificate shall be final and conclusive as to his prior-service, unless thereafter modified " within a period of time fixed by the statute.

The plaintiff filed a detailed statement of her prior service, which presumably the Retirement Board verified before it issued its certificate " certifying to the aggregate length " of the plaintiff's prior service. The plaintiff's

detailed statement, if correct, showed a prior service, as defined in the statute, for periods which aggregated twenty years, three months and twenty-seven days. The plaintiff also made claim in her detailed statement that she was entitled to a credit of two years of prior service for attendance as a pupil at the Brooklyn Training School. At the time the plaintiff attended the Brooklyn Training School as a pupil, the by-laws of the Board of Education of Brooklyn provided that a teacher, who had attended the training school, was entitled to a credit for two years' *experience* as a teacher. The statute defining the prior service, which measured the rights of a teacher who contributed to the retirement fund, excluded such experience. Nevertheless the Retirement Board certified an aggregate length of service which not only included two years for attendance at the training school but which, through error in addition, is two years longer than the aggregate of all the credits which the plaintiff ever claimed.

Subsequent investigation of the payrolls of the Department of Education disclosed an error of twenty-five days in the plaintiff's detailed statement of service. Thus it now appears that the plaintiff holds a certificate, for an aggregate length of prior service as defined by the statute, more than four years longer than that to which her prior service in fact entitled her, and more than two years longer than that to which she claimed to be entitled. The time limited for the modification of the certificate has long passed. The Retirement Board maintains that, even so, the certificate can confer upon the plaintiff no rights to which she was not entitled, under the terms of the statute, when she filed her detailed statement; and that the certificate may still be amended to correct errors in the certificate of the aggregate length of service by which those rights must, under the statute, be measured. The plaintiff maintains that all question of the correctness of the certificate is foreclosed after the certificate has become conclusive. The resultant controversy has been

submitted to the Appellate Division which adjudged that the errors both of fact and law may be corrected.

The Legislature has conferred upon the Retirement Board jurisdiction to " verify " a teacher's " detailed statement " of prior service as defined in the statute. It must decide whether in fact the teacher has rendered all the service included in that statement. So, too, it must determine the equivalence in fractions of years of service rendered on the basis of hour, day or session. Its decisions, as embodied in the certificate " certifying to the aggregate length " of a teacher's service, are declared, in unmistakable terms, to be " final and conclusive." " The power to decide at all, necessarily carries with it the power to decide wrong, as well as right." (*Supervisors of Onondaga* v. *Briggs,* 2 Denio, 26, 34.) Reconsideration of a question submitted to a competent tribunal for decision is barred after that decision has become final and conclusive. In the absence of fraud or collusion, the only avenue left open for attack is through a gap in the jurisdiction of the tribunal. A decision upon any question outside of the jurisdiction of the tribunal is without force or effect.

In two recent cases we have considered the effect of a certificate of the aggregate length of prior service. Together they establish the principles which govern the questions presented in this controversy. The rights of teachers who contribute to the Retirement Fund are measured by prior service, as defined by the statute. Jurisdiction to determine all questions as to the length of the service, *as defined by statute,* of any teacher is conferred upon the Retirement Board. There the decision of the Board is conclusive. The Board exceeds its jurisdiction when it certifies to an aggregate length of prior service which is not the aggregate of a teacher's service as defined by the statute. There the decision of the Board is without effect.

In *Matter of Langdon* v. *Teachers' Retirement Board*

(252 N. Y. 508) the certificate, though purporting to certify the aggregate length of a teacher's service, as defined in the statute, in fact included in the aggregate length of such service, credits for prior experience which did not fall within the statutory definition of service. There we held that the teacher's rights in the retirement fund, measured by service, as defined in the statute, could not be increased by the assumption by the Retirement Board of power to include in its certificate of the aggregate length of such service, credits for experience, which did not fall within the statutory definition of service. Here the Retirement Board exceeded its powers in the same way. It had no jurisdiction to include a credit for attendance at the training school in the aggregate length of service for which it issued a certificate. The certificate is not conclusive to the extent that it embodies decision on matters beyond the jurisdiction of the Board.

In *Matter of Murray* v. *Teachers Retirement Board* (258 N. Y. 389) we pointed out the distinction between such a case and a case where the Board erroneously decided a question within its jurisdiction. There error was due to insufficient verification of the detailed statement filed by the teacher. The purpose and effect of the statute which requires the Board to verify the detailed statement of service of a teacher before issuing a final and conclusive certificate of the aggregate length of service of the teacher is to foreclose all question of the length of service, as defined by the statute and as shown in the teacher's statement. Inquiry into the actual facts is then at an end. The decision in that case was rendered after submission of the controversy in the present case. Otherwise, the Appellate Division would doubtless not have ordered the excision of twenty-five days from the period of service, shown on the detailed statement and included in the aggregate length of service certified by the Board.

The application of the general principle is perhaps more difficult when the aggregate length of the prior service of a teacher, as shown in the detailed statement, verified by the Retirement Board, is less than the aggregate of the total length of service as certified by the Board. The circumstance that the error is due solely to computation does not, alone, render the result open to attack, if the Legislature intended that the Board should finally determine the correct computation. Here, since the Legislature has required the Board to issue a final and conclusive certificate " certifying to the aggregate length " of the service of a teacher, it has necessarily given the Board the power to add up the separate periods of service which are part of the aggregate, but it would be unreasonable, in the absence of clear and express language, to hold that the Legislature intended to foreclose all question of the correctness of the Board's computation where mere comparison of the detailed statement and the certificate discloses the error. A decision necessarily involves a dispute, actual or potential. (Cf. *People* v. *Sutherland*, 207 N. Y. 22; *People* v. *Journal Co.*, 213 N. Y. 1.) We may, hardly, presume that the Legislature intended to give conclusive effect to a manifest error in computation, even where there never has been room for possible dispute. It would be anomalous, under such circumstances, to attach the effect of a final and conclusive decision to an act which calls for no expert knowledge or training, and involves no exercise of discretion or weighing of opposing considerations.

The judgment of the Appellate Division should be modified by striking out the provision for the amendment of the certificate in regard to the length of plaintiff's service in the vacation schools as shown on the detailed statement, and as modified affirmed, without costs.

. POUND, Ch. J., CRANE, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.