LUCINA S. WAKEFIELD, as Administratrix of the Estate of GERALD R. WAKEFIELD, Deceased, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, May 28, 1948.

*A. Mark Levien* for plaintiff.

*John P. McGrath, Corporation Counsel (Michael A. Castaldi, Morris Weissberg* and *Bernard Licht* of counsel), for defendants.

NULL, J.   This action was brought by the administratrix of a deceased teacher of machine shop practice in the New York City vocational high school system.   At the time of his appointment the deceased teacher was allotted a salary increment credit of three years by the board of examiners for ten years of prior experience as a journeyman in the machine shop trade.

The plaintiff seeks a declaration requiring the board of examiners to grant to the plaintiff's intestate additional salary increment credit for his prior experience as a regular teacher in the public vocational schools of Pittsburgh and, in that event, to direct the superintendent of schools to issue an appropriate certificate of the action required to be taken by such board. Judgment, also, is sought for the difference between the total salary paid to the plaintiff's intestate and the total salary which would have been due to him had effect been given to the additional increment credit claimed by the plaintiff.

The action was commenced by the plaintiff's intestate. Upon his death the plaintiff was substituted in his stead.

The present motion, directed to the pleadings, is to strike certain allegations as sham and to strike the complete and partial defenses as insufficient in law and as sham and for judgment for the claimed salary arrears since June 30, 1940.

In their answer, the defendants assert that the salary increment credit granted to the plaintiff's intestate at the time of his appointment was based upon his prior teaching experience and not upon his prior trade experience. The invalidity of this claim is clearly demonstrated by the documentary evidence annexed to the complaint. These exhibits demonstrate that the salary increment credit granted to the plaintiff's intestate was for his trade experience. No credit was allowed for prior teaching experience. Exhibit 1 annexed to the answer proves the contention that the salary increment allowed was "based upon experience other than teaching experience".

The defendants allege that inasmuch as the allowance of salary increment credit for prior teaching experience was man-datory, while the granting of such credit for trade experience was discretionary, the salary increment credit given to the plaintiff's intestate must have been given for teaching experience. This claim, however, is contradicted by the sequence of events. At the time of the appointment of the plaintiff's intestate the board of examiners were of the opinion that the maximum salary increment credit allowable for combined teaching and trade experience was three years. The pencil notations on Exhibit 1, annexed to the answer, indicate that the board of examiners deemed it immaterial whether the three years' salary increment credit was given for teaching experience or trade experience, since they believed that the maximum credit allowable had been granted. In this assumption they were supported by a resolution adopted by the board of education on Feb-

ruary 24, 1932, amending the salary schedules adopted on February 6, 1929, and in effect on March 5, 1931. By that resolution the combined salary increment credit for all types of experience was limited to three years.

Litigation followed the amendment of the salary schedules. In *Roantree* v. *Board of Education* (N. Y. L. J., Nov. 19, 1942, p. 1527, col. 6, affd. 266 App. Div. 652) the court sustained the authority of the board first in limiting and then entirely withholding salary increment credit for *trade experience* upon the ground that the language authorizing such salary increment credit was permissive in nature and allowable only in the exercise of the board's discretion. Subsequently, however, it was held that the salary schedules adopted on February 6, 1929, and in effect on March 5, 1931, insofar as they affected salary increment for *prior teaching experience,* were frozen by the amendment to former section 889 of the Education Law (L. 1931, ch. 540), thus invalidating attempts by the board of examiners to change them. (*Cottrell* v. *Board of Education,* 181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792; *Nelson* v. *Board of Higher Education,* 263 App. Div. 144, affd. 288 N. Y. 649.)

The misconstruction of the power granted to the board of education, and by them delegated to the board of examiners, was, indeed, unfortunate. It resulted in a granting of that which the board had the power to withhold and a withholding of that which it was under legislative mandate to grant. No useful purpose would be served, however, in speculating upon what the board might have done had clarification of the 1931 amendment to the Education Law been effected prior to the appointment of the plaintiff's intestate. The fact remains that it allowed, as it had the right to allow, a discretionary three years' salary increment credit to the plaintiff's intestate for trade experience. Under the provisions of former section 889 of the Education Law, it was also required to allow to him an additional salary increment credit of five years for teaching experience, subject only to the limitation that the combined salary increment credit for teaching and trade experience could not exceed seven years.

There is no merit to the contention that, while the by-laws of the board of education may have been affected by the change in the law, the by-laws of the board of examiners, which alone dealt with salary increment credit, were immune from the effect of the amendment of section 889 of the Education Law. The by-laws of the board of examiners were adopted

pursuant to a lawful delegation of authority from the board of education. In adopting them the board of examiners acted for the board of education. In effect, the action of the board of examiners, within the scope of the authority delegated to them, was the action of the board of education. To the extent that section 889 of the Education Law limited the sphere of action of the board of education it had like effect upon the board of examiners (*Cottrell* v. *Board of Education, supra*).

In the circumstances, the first complete defense is insufficient and must be stricken.

The second complete defense alleges that upon the appointment of the plaintiff's intestate his salary was required to be fixed by schedule III-c of the salary schedules for members of the teaching and supervisory staffs in the New York City public school system. Through error his salary was fixed under schedule II-a. The defendants assert that the salary payments made to the plaintiff's intestate were appropriate to teachers whose salaries were fixed under schedule III-c and that by reason thereof their liability to the plaintiff's intestate has been discharged.

The essential distinction between the salary schedules in question is that under schedule II-a the maximum salary increment credit is seven years while under schedule III-c the maximum salary increment credit is limited to five years. The defense is palpably insufficient as a *complete* defense. However, inasmuch as it is realleged as the second partial defense it becomes necessary to consider it on the merits.

Exhibit 1, annexed to the defendants' answer indicates that the plaintiff's intestate received a continuation school license under which he was appointed to teach the subject of machine shop practice in continuation schools. The salary schedules of the board of education provided that:

" Continuation school teachers shall be paid in accordance with the respective licenses under which they were appointed.

" When continuation school teachers receive a continuation school license they shall be compensated in accordance with Schedule II-a ". (Journal, Board of Education of the City of New York, 1929, p. 325.)

Schedule III-c provided the rates of salary to be paid to " Teachers of * * * machine shop practice * * *." (Journal, Board of Education of the City of New York, 1929, p. 330.) While these schedules are not before the court they are public documents of which the court may take judicial

notice (Civ. Prac. Act, § 344-a; *Matter of Ackerman* v. *Kern,* 281 N. Y. 87).

No conflict is apparent in these schedules. Machine shop practice teachers appointed under a continuation school license were entitled to have their compensation fixed in accordance with schedule II-a. Teachers of machine shop practice appointed to teach in a vocational school for boys under a license *other* than a continuation school license were entitled to have their compensation determined in accordance with schedule III-c. Hence in fixing the salary of the plaintiff's intestate in accordance with the provisions of schedule II-a the defendants merely complied with the rule adopted and promulgated by them and by which they were bound. The second complete and partial defenses are, therefore, insufficient, and they are stricken.

The first partial defense is, likewise, insufficient. It is based upon the assumption that, if the action of the board of examiners in amending the salary increment credit for prior teaching experience was invalid because it conflicted with former section 889 of the Education Law, the board may now revaluate the salary increment credit allowed for prior trade experience. If the action of the board in allowing such credit had transcended its powers there might be merit to the defendants' contention. In granting the credit, however, the board in no way violated its own rule. Its action was prompted by a misconception of the law. Such a misconception furnishes no ground for a unilateral reformation of the action of the board of examiners.

The third partial defense and the fourth complete defense deal with the Statute of Limitations. This action was commenced on July 29, 1946. In accordance with the provisions of law a notice of claim and demand for payment was served upon the defendants. The effect of the statutory stay of action for thirty days after such service was to extend the Statute of Limitations for a like period (Civ. Prac. Act, § 24; *Amex Asphalt Corp.* v. *City of New York,* 263 App. Div. 968, affd. 288 N. Y. 721). Inasmuch as it is conceded in the complaint that all right to adjustment of salary which accrued prior to June 29, 1940, is barred, and no claim is made for that period, section 48 of the Civil Practice Act constitutes no bar to this action. Nor does the ten-year statute (Civ. Prac. Act, § 53) preclude recovery upon the claim set forth in the complaint. The right of the plaintiff's intestate to have his salary fixed in accordance with the schedules was a continuing one (*Matter of Moskowitz* v. *La Guardia,* 183 Misc. 33, affd. 268 App. Div. 918,

affd. 294 N. Y. 830; *Matter of Donnellan* v. *O'Dwyer,* 189 Misc. 121). It accrued with each salary payment which was not made in accordance therewith. It is not barred by the failure sooner to take action. The third partial defense and the fourth affirmative defense are, therefore, stricken.

The third and fifth complete defenses invoke the discretion of the court. The third complete defense requests denial of the declaration upon the ground that an adequate remedy exists under article 78 of the Civil Practice Act, while the fifth complete defense asserts that the remedy sought is barred by laches.

At the time of the commencement of this suit the propriety of the form of action employed was not subject to question even though some or all of the relief sought might have been granted in a proceeding commenced under article 78 (*Cottrell* v. *Board of Education,* 181 Misc. 645, 650, *supra*; *Nelson* v. *Board of Higher Education,* 263 App. Div. 144, 147, *supra*). Jurisdiction may not be rejected solely because another form of remedy is available (*Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304). If *Todd* v. *Board of Education* (272 App. Div. 618) be deemed authority to the contrary, it must yield to the action of the Court of Appeals in affirming the persuasive reasoning in the *Cottrell* and *Nelson* cases.

True it is that the death of the plaintiff's intestate during the pendency of the action altered the substance of the action from one seeking a declaration of the past and *future* relationship of the parties to one for the recovery of money only. However, the propriety of the form of action employed must be judged by the right to the relief sought at the time of the commencement of the action. Subsequent changes may justify the court in molding the relief granted to the altered circumstances. They afford no basis, however, for a refusal to exercise the discretionary jurisdiction conferred by statute (Rules Civ. Prac., rule 212). Accordingly, the third complete defense is stricken.

The defense of laches is equitable in nature. In order to invoke the discretion of the court to preclude recovery on the plaintiff's claim by reason of delay short of that prescribed as a bar by the Statute of Limitations it must be shown that the plaintiff's intestate was unconscionably dilatory in enforcing his rights and that, as a result, the position of the defendants has been altered, to their substantial prejudice. (*Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325; *Sullivan* v. *Miller,* 106

N. Y. 635; *Matter of Boylan,* 249 App. Div. 35, affd. 277 N. Y. 539).

To bring themselves within the rule the defendants allege that had the plaintiff's intestate established his rights within four months after his appointment by a proceeding in the nature of mandamus the accrual of interest would thereby have been avoided. Furthermore, they assert the board of education is, by statute, precluded from expending or becoming liable for any moneys in excess of the amount appropriated or available for its use or otherwise authorized by law.

The determination in the *Cottrell* case (*supra*) occurred on November 16, 1944. Then, and only then, were the rights of the plaintiff's intestate definitively fixed. Prior to that time the board of examiners relied upon the resolution adopted by the board of education on February 24, 1932, to support the contention that the maximum salary increment credit for outside experience, both trade and teaching, was limited to three years.

In the circumstances it cannot be said that a delay of considerably less than two years in bringing action is so inordinate or unconscionable as to justify the exercise of the court's discretion to bar the suit. The fifth complete defense is, therefore, stricken.

The motion for judgment on the pleadings is granted. Settle order.