In the Matter of JOHN J. BURKE, Respondent, against HAROLD FIELDS et al., Constituting the Board of Examiners of the Board of Education of the City of New York, Appellants.—

Examinations to determine merit and fitness for appointments and promotions in the civil service of the State, as contemplated by the State Constitution (art. V, § 6), should be of such nature as will best test the candidates with respect to the qualities demanded by the positions to which they aspire. Insofar as possible, merit and fitness should be measured by objective standards, but determination of fitness for some positions, particularly those which require executive and intellectual ability and broad cultural learning, cannot always be based on objectivity solely. In such cases, the examinations may be subjective insofar as objectivity is impracticable or impossible, and to the extent that it is subjective the risk that the examiners themselves are fit to examine must be accepted. (See *Matter of Sloat* v. *Board of Examiners*, 274 N. Y. 367, and *Matter of Bridgman* v. *Kern*, 257 App. Div. 420, affd. 282 N. Y. 375.) In our opinion, the examination under review did not do violence to the principles above mentioned, and there was reasonable basis for application of the require-

ment that candidates prove themselves to be "superior" in the performance of their present duties in order to be approved by the examiners. The facts presented by the record on appeal form a sufficient basis to indicate that the conclusion of the board of examiners was not beyond the limits of proper restraints. The court may not substitute its judgment for that of the board. (*Matter of Barnett* v. *Fields,* 196 Misc. 339, 347, affd. 276 App. Div. 903, affd. 301 N. Y. 543.) Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.