In the Matter of ESTHER S. GIMPRICH, Respondent, against BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.

Argued November 23, 1953; decided March 12, 1954.

*Denis M. Hurley, Corporation Counsel* (*Edward J. McLaughlin, Seymour B. Quel* and *Peter J. Flanagan* of counsel), for appellants. The courts below erred in overruling the four-month Statute of Limitations defense because there is no mandate by statute or '' continuing statutory duty '' upon the board of examiners to grant salary credit. The mandated duty is to *evaluate* the claimed prior service and, if credit is to be granted, the corresponding *amount* of salary is mandated by the filed tables, schedules and regulations. The evaluation is a condition precedent to the entrance at a higher salary level and an administrative determination, properly reviewable only in an article 78 proceeding and controlled by the four-month Statute of Limitations. (*Kussin* v. *Board of Educ. of City of N. Y.*, 278 App. Div. 50; *Matter of Katz* v. *Board of Educ. of City of N. Y.*, 279 App. Div. 1062; *Matter of Romanello* v. *Willig*, 305 N. Y. 760; *People ex rel. McNulty* v. *Maxwell*, 123 App. Div. 591; *Cottrell* v. *Board of Educ. of City of N. Y.*, 181 Misc. 645, 267 App. Div. 817, 293 N. Y. 792; *Strum* v. *Board of Educ. of City of N. Y.*, 194 Misc. 182, 277 App. Div. 855, 301 N. Y. 803;

*Ramsey* v. *Hayes,* 187 N. Y. 367; *Toscano* v. *McGoldrick,* 300 N. Y. 156; *Wakefield* v. *Board of Educ. of City of N. Y.,* 192 Misc. 639, 274 App. Div. 884, 299 N. Y. 664; *Matter of Moscowitz* v. *La Guardia,* 183 Misc. 33, 268 App. Div. 918, 294 N. Y. 830; *Matter of Donnellan* v. *O'Dwyer,* 189 Misc. 121; *Kramer* v. *Board of Educ. of City of N. Y.,* 194 Misc. 128, 275 App. Div. 915; *Matter of Phillips* v. *Kaplan,* 242 App. Div. 815, 266 N. Y. 514; *Matter of McMaster* v. *Harvey,* 239 App. Div. 553, 265 N. Y. 555; *Matter of Williams* v. *Pyrke,* 233 App. Div. 345.)

*A. Mark Levien* for respondent. I. This proceeding was brought to compel defendants to perform a duty imposed on them by law. (*Cottrell* v. *Board of Educ. of City of N. Y.,* 181 Misc. 645, 267 App. Div. 817, 293 N. Y. 792; *Wakefield* v. *Board of Educ. of City of N. Y.,* 192 Misc. 639, 274 App. Div. 884, 299 N. Y. 664; *Strum* v. *Board of Educ. of City of N. Y.,* 194 Misc. 182, 277 App. Div. 855, 301 N. Y. 803; *Kramer* v. *Board of Educ. of City of N. Y.,* 194 Misc. 128, 275 App. Div. 915; *Matter of Romanello* v. *Willig,* 305 N. Y. 760; *People ex rel. McNulty* v. *Maxwell,* 123 App. Div. 591.) II. The doctrine of *stare decisis* requires that the decision below be affirmed. (*Matter of Skrocki* v. *Greene,* 242 App. Div. 226; *Matter of Grifenhagen* v. *Ordway,* 218 N. Y. 451.) III. A proceeding to compel an administrative agency to perform a duty imposed on it by law cannot be barred by the four-month Statute of Limitations. (*Matter of Beggs* v. *Kern,* 172 Misc. 556, 258 App. Div. 1049, 284 N. Y. 504; *Matter of Moskowitz* v. *La Guardia,* 183 Misc. 33, 268 App. Div. 918, 294 N. Y. 830; *Matter of Shevlin* v. *La Guardia,* 166 Misc. 473, 254 App. Div. 922, 279 N. Y. 649; *Matter of Powers* v. *La Guardia,* 181 Misc. 624, 267 App. Div. 807, 292 N. Y. 695; *Matter of Donnellan* v. *O'Dwyer,* 189 Misc. 121; *Harman* v. *Board of Educ. of City of N. Y.,* 196 Misc. 287, 275 App. Div. 694, 300 N. Y. 21; *Matter of Benvenga* v. *La Guardia,* 182 Misc. 507, 268 App. Div. 566, 294 N. Y. 526; *Matter of McGuire* v. *Board of Educ. of City of N. Y.,* 278 App. Div. 901; *Matter of Cash* v. *Bates,* 301 N. Y. 258; *Matter of Smith* v. *McNamara,* 277 App. Div. 580.) IV. The four-month Statute of Limitations does not bar a teacher's right to a salary adjustment in accordance with the provisions of law. V. The four-month Statute of Limitations does not bar relief where

the wrong complained of is a continuing one. (*Matter of Smith v. McNamara*, 277 App. Div. 580; *Matter of Williams* v. *Morton*, 297 N. Y. 328; *Matter of Cash* v. *Bates*, 301 N. Y. 258.)

VAN VOORHIS, J. The petitioner was appointed in February, 1945, to be a regular elementary school teacher in the public school system of the City of New York. She had previously taught for three years in a private school.

The salary schedule of the board of education provided that public school teachers should receive a minimum salary when first employed, and annual increments for each additional year of teaching. The schedules also provided that a teacher with certain outside teacher experience could get credit for such outside experience, and thereby could start at the salary level of those who had been teaching in the public school system for two, three or five years. The petitioner claimed to be entitled, under the salary schedules, to two years' credit for her three years of outside teaching at the private school. The board of examiners of the board of education failed to give her such credit.

Petitioner alleges that on November 2, 1950, she served upon the board of education a notice of claim and a demand for the two years' salary credit. The service of the notice and the making of the demand are deemed admitted by the defendants' failure to deny the foregoing allegations in their answer. On December 20, 1950, within four months of the making of the demand, the petitioner brought this special proceeding under article 78 of the Civil Practice Act to compel the board of education, the superintendent of schools and the board of examiners — all of whom have been joined as parties defendant herein — to give her the two years' teaching credit theretofore demanded, to adjust her current salary accordingly, and to give her back pay from the time of her appointment in 1945.

Defendants' answer pleaded, *inter alia*, that the board of examiners had determined on April 19, 1950, that the petitioner was not entitled to the credit she claimed and that, in any event, this proceeding, having been commenced more than four months thereafter, was barred by the limitation of time fixed by section 1286 of the Civil Practice Act.

The Supreme Court, New York County, directed a trial of the issues, which resulted in a final order in favor of petitioner, that has been affirmed by the Appellate Division.

The applicable by-law in section 23 of the by-laws of the board of examiners reads, in part, as follows: " SALARY CREDIT FOR OUTSIDE EXPERIENCE. Section 23. 1. Following the appointment of a person from an eligible list, the Board of Examiners shall, in pursuance of the By-laws of the Board of Education and on the recommendation of the Committee on Outside Experience acting under the following regulations, evaluate the outside experience of such appointee, for the purpose of fixing his initial salary, as the equivalent of a certain number of years of experience in teaching in the type of day public school service in the City of New York indicated by the appointee's license.''

There follows a schedule setting forth the amount of credit to be given for specified outside experience, which, in petitioner's case, would be two years' credit for three years of outside experience. Trial Term held that defendants were under a continuing statutory duty to accord to petitioner the monetary credits required by the Education Law, citing *Wakefield* v. *Board of Educ. of City of N. Y.* (192 Misc. 639, modified as to interest, 274 App. Div. 884, affd. 299 N. Y. 664). Whether the *Wakefield* case is controlling depends upon whether the board of education was under an absolute mandate to pay to petitioner the credits which she claims, or whether her right thereto depends upon some administrative or quasi-judicial determination concerning her status made by the board of education through its examining board. If she were automatically entitled to two years of teaching credit in consequence of having taught for three years in a particular private school, without any intervening fact finding or exercise of discretion by the board concerning the rating of the school or petitioner's experience while there, then she would be entitled to be paid a higher salary than that which she has been receiving, and, as in the *Wakefield* case, she would be entitled to an order in the nature of mandamus to enforce a clear legal right (*People ex rel. Empire City Trotting Club* v. *State Racing Comm.*, 190 N. Y. 31; *Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157; *People ex rel. Hultman* v. *Gilchrist*, 114 Misc. 651, affd. 196 App. Div.

964, affd. 232 N. Y. 598; *Matter of Small* v. *Moss,* 277 N. Y. 501, 507). *Strum* v. *Board of Educ. of City of N. Y.* (301 N. Y. 803) and *Kramer* v. *Board of Educ. of City of N. Y.* (275 App. Div. 915) were similar to these decisions and *Wakefield* v. *Board of Educ. of City of N. Y. (supra).*

Upon the other hand, in *Matter of Hansen* v. *Teachers' Retirement Bd.* (236 App. Div. 589) mandamus was denied where a teacher sought to compel retirement credit for time spent in military service during war years, for the reason that, under the circumstances there presented, the board was held to have been vested with discretion to determine whether credit should be allowed, citing *Matter of Spanhake* v. *Teachers' Retirement Bd.* (224 App. Div. 75, affd. 249 N. Y. 605); *People ex rel. Harris* v. *Commissioners of Land Office* (149 N. Y. 26, 30); *People ex rel. Francis* v. *Common Council* (78 N. Y. 33, 39), and numerous other cases. The ground of decision was explicitly stated to be that no clear legal right to a peremptory or alternative writ had been shown, in that the teachers' retirement board had power to exercise discretion and the court lacked power to substitute its judgment for that of the board on a matter within its province. "While a mandamus is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion." *(People ex rel. Hammond* v. *Leonard,* 74 N. Y. 443, 445; *People ex rel. Peixotto* v. *Board of Educ. of City of N. Y.,* 212 N. Y. 463; *Matter of Holm* v. *Board of Educ. of City of Rochester,* 141 Misc. 194, 198, affd. 234 App. Div. 816, affd. 260 N. Y. 572.)

If the function of the examining board in this case were to be regarded as quasi-judicial, and this proceeding to resemble certiorari (cf. *People ex rel. Desiderio* v. *Conolly,* 238 N. Y. 326), the same result would follow, if the board acted upon substantial evidence within its jurisdiction and without committing material error of law (*Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164, 177). In the case last cited, the adoption of article 78 of the Civil Practice Act was held to have left untouched the substantive rights formerly enforced by the special proceedings that were thereby superseded. Merely the technical procedural distinctions were eliminated. It may well

be that the function of the examining board in this case was administrative. It was held to have been so on similar facts in *People ex rel. McNulty* v. *Maxwell* (123 App. Div. 591, 594) yet the decision of the examining board was said to have been "based upon the exercise of discretion and judgment peculiar to the members of the board in determining the character of experience the relator had had as a teacher in different schools, both rural and urban." In *Matter of Walker* v. *Maxwell* (68 App. Div. 196, 198) it was stated: "While it may be said that the board of examiners exercises discretion in granting or withholding licenses to teachers, yet it is not true that such discretion is tantamount to judicial power." In *Matter of Whitten* (152 App. Div. 506, 511) it was said "that the act of the city officials in granting or withholding a license, while it may to some extent involve the exercise of judgment, is not a judicial act, and, therefore, not thus reviewable." (See *People ex rel. Scott* v. *Reid,* 135 App. Div. 89, 93; note, 102 A. L. R. 537.) Administrative acts may be overruled and contrary action compelled by mandamus, where such conduct has been arbitrary and capricious, and the petitioner is enforcing a clear legal right. Yet in *Matter of Barresi* v. *Biggs* (203 App. Div. 2) relief by mandamus was denied to compel the renewal of a license to practice midwifery on the ground that the State Commissioner of Health, although acting ministerially, properly exercised his discretion in refusing the new license. (Cf. *Matter of Burke* v. *Fields,* 279 App. Div. 674, affd. 306 N. Y. 845, where the discretion of the examiners was left undisturbed in the case of an applicant for principal of a high school.) The outcome of the appeal herein depends, not upon distinguishing between the function of this board as administrative or quasi-judicial, but on whether it had power to exercise its discretion in view of the surrounding facts and circumstances, in evaluating petitioner's teaching experience.

The issue in this case is broader than whether petitioner's claim to additional salary is barred by the four months' time limitation in section 1286 of the Civil Practice Act. Her claim would be barred by section 1286 if the board's determination on April 19, 1950, was a quasi-judicial act. But the issue goes beyond whether the action of the board of examiners in denying

her outside salary credits is reviewable by certiorari, or whether the remedy is by mandamus. Even if the denial to her of this extra credit results from a ministerial act, relief cannot be obtained by mandamus in the absence of a clear legal right thereto. Neither remedy is available to petitioner if the examining board exercised a discretion within its jurisdiction in evaluating her former outside teaching experience. Accordingly, attention is directed to that subject.

It became the duty of the board of examiners, under the portion of section 23 of its by-laws which has been quoted, to " evaluate the outside [teaching] experience of such appointee, for the purpose of fixing his initial salary, as the equivalent of a certain number of years of experience in teaching in the type of day public school service in the City of New York indicated by the appointee's license." The regulations required the board to credit three years of approved outside experience as equivalent to two years of teaching experience in the New York City public schools. It was not mandatory upon the board, however, to rule that the particular teaching experience of any and every teacher in every private school was sufficient to qualify. Trial Term held that the examining board had no alternative but to credit this petitioner for her teaching experience in this school, inasmuch as attendance at this school was deemed to be equivalent to attendance at the public schools. There is a difference, however, between awarding academic credits to children for attendance at a private school and crediting a teacher for prior teaching experience due to having taught there. She may or may not be entitled to such credit, in the judgment of the examining board, depending upon the nature of the school and upon what the applicant did.

The board of examiners was accustomed to grant salary credits for such experience only if the teacher had taught in the outside school at least five hours per day, whereas this petitioner taught for but three hours per day. Moreover, the by-law requires equivalent experience for day school, whereas petitioner taught from 3:00 to 6:00 P.M., and on some days from 4:00 to 7:00 P.M. During part of this period petitioner taught in other schools before her classes began at this private school at 3:00 P.M. The board found that she fell short of its require-

ment in not being a whole-time but a part-time teacher, that this was neither a day school nor a " school " within the contemplation of the by-laws, that she was not on an annual salary as required by the by-law and, after considering and evaluating the record of her prior service, the board determined that her experience was not equivalent to teaching experience in the public schools of the City of New York. The judgment of the court concerning these matters cannot be substituted for the judgment of the board, if the board had power and discretion in the matter.

The situation was different in *Wakefield* v. *Board of Educ. of City of N. Y. (supra)*. That case presented merely a question of law; the undisputed facts left no basis for the exercise of discretion by the examining board. Wakefield was a vocational teacher in a trade school, and the question shaped itself into whether prior trade experience as well as prior teaching experience should be counted. The only matter which the board was called upon to evaluate had been decided in the teacher's favor. The board had already held that Wakefield was entitled to three years' salary credit for his prior experience as a skilled workman plying his trade in Pittsburgh, Pennsylvania, which was all that he claimed on that score. The board disallowed him credit for prior teaching experience, not upon the ground that the public vocational school in Pittsburgh did not meet the standard, or that he had not been a regular teacher there, but due to a by-law purporting to limit salary credit for all types of outside experience, including teaching and trade experience, to a maximum of three years. The three years' credit for occupational work which had been alloted to him absorbed the maximum time that was allowable within the prescribed limitation. This limitation was held to have been invalid, however, as matter of law, in *Cottrell* v. *Board of Educ. of City of N. Y.* (181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792). That left the legal maximum of total credit for all kinds of outside experience for Wakefield at seven years, where it had been set by an earlier valid by-law. Consequently, the courts accorded seven years' salary credit allowance to Wakefield, consisting of three years' trade experience already evaluated in his favor by the board, and four more years for teaching experience which it was conceded was

due to him without any question of fact or discretion if the seven-year maximum applied, as it did. The *Wakefield* decision involved no review of any fact finding or exercise of judgment by the administrative board, but decided that the increase in salary credit was mandatory under the facts presented, and that the board had no power to change the result, which was required by statute under the terms of the by-law. Under such circumstances, the public body is under a continuing duty to pay the mandated salary, and recovery is permitted within the ordinary statutory period of limitation of six years. *Strum* v. *Board of Educ. of City of N. Y.* (301 N. Y. 803, *supra*) and *Kramer* v. *Board of Educ. of City of N. Y.* (275 App. Div. 915, *supra*) were similar in this respect.

If there had been no basis for any exercise of discretion by the board in disallowing petitioner's claim to credit for outside teaching experience, and the effect of the examining board's conduct had been to overrule a statutory mandate for the payment of her salary, such a determination by the board would be regarded as a nullity which could not impair the continuing duty to pay her mandated salary. On the other hand, if, as we hold, the examining board acted within its powers in evaluating petitioner's outside teaching experience, then its determination cannot be altered by the courts, regardless of the time when this article 78 proceeding was begun or whether it partakes of the nature of mandamus or certiorari.

The order of the Appellate Division and that of the Trial Term should be reversed, without costs, and the petition dismissed.

Lewis, Ch. J. (dissenting). The action of the board of examiners in denying petitioner's application for credit based on her "outside" teaching experience was not, in my view, quasi-judicial in nature. That decision was reached without a hearing and without the presentation of proof. It appears, in fact, to have been an *ex parte* decision by the board. Such a decision cannot rightly be characterized as quasi-judicial; rather is it administrative. (*People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1, 6, 10; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187, 194–196; *Matter of Murray* v. *Teachers' Retirement Bd.,* 258 N. Y. 389, 392.)

Counsel for the board of education argues, not that the decision of the board herein was a judicial act, but only that — since it involved decision of matters of fact — it was more than action ministerial in character, controlled by the courts through a proceeding in the nature of mandamus. However, despite sweeping language in some cases, I do not believe it to be accurate to say that because administrative action involves some fact finding or discretion, it is *ipso facto* more than " ministerial " action immune from control by the courts. In a case frequently cited (*Grider* v. *Tally,* 77 Ala. 422, 426) the court said: " That a necessity may exist for the ascertainment, from personal knowledge, or by information derived from other sources, of the state of facts on which the performance of the act becomes a clear and specific duty, does not operate to convert it into an act judicial in its nature. Such is not the judgment, or discretion, which is an essential element of judicial action  *  *  *." To like effect is *State* v. *Howard* (83 Vt. 6, 15) " The ascertainment of a fact which raises the duty, or is collateral to its performance, is not such an exercise of judgment as will deprive the duty of its ministerial character." And in *Hicks* v. *Dorn* (42 N. Y. 47, 53) this court observed of an administrative officer that: " In the discharge of this duty, thus imperatively imposed upon him by law, he acted ministerially. It is true that he was bound to exercise his discretion as to the methods and instrumentalities to be employed, and this is true of all ministerial officers; and yet it has never been held that, merely because ministerial officers have a discretion to exercise, that gives them the immunity of judicial officers." And see " Ministerial and Discretionary Official Acts " by E. W. Patterson (20 Mich. L. Rev. 848, 863–866).

The foregoing principle is most often applied in cases involving the right of an administrative officer or agency to deal summarily with property in the interest of the public health or safety. In these cases the courts exercise the right to review the facts found initially by the administrative officer or agency acting in a ministerial capacity (*Hicks* v. *Dorn, supra; People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187, 194, *supra; Miller* v. *Horton,* 152 Mass. 540, 548).

It is clear then that administrative action cannot be said to be more than ministerial simply because it involves some element of fact finding or discretion. A more reliable test, to my mind, is to be found in the case at hand in the language of the applicable by-law, which speaks of the duty of the board of examiners as being to " evaluate," to " estimate," to " calculate " — expressions indicative of subordinate, almost clerical, action. Furthermore, the statute (Greater New York Charter, § 1091) which formerly provided that the board of examiners' decision in these matters should be final and conclusive, has not been incorporated into the present Administrative Code of the City of New York. That is some indication that the Legislature intended these decisions to be reviewable by the courts (cf. *Matter of Murray* v. *Teachers' Retirement Bd.*, 258 N. Y. 389, *supra*).

Finally, in a considerable number of cases this court has treated decisions of the board of examiners in these matters as not being conclusive but as subject to judicial revision many years after they were made (*Cottrell* v. *Board of Educ. of City of N. Y.*, 293 N. Y. 792; *Wakefield* v. *Board of Educ. of City of ·N. Y.*, 299 N. Y. 664; *Strum* v. *Board of Educ. of City of N. Y.*, 301 N. Y. 803).

Thus, I reach the conclusion that this proceeding is one to compel the board of education to perform a duty specifically enjoined by law, and therefore the proceeding — brought to compel performance of a continuing duty — was timely commenced. No other question is now properly before us.

Accordingly, I would affirm the order.

Conway, Desmond, Dye, Fuld and Froessel, JJ., concur with Van Voorhis, J.; Lewis, Ch. J., dissents in opinion.

Orders reversed, etc.