Owen McGtvern, J.
In this article 78 proceeding the petitioners, who are on an eligible list for the position of junior principal in day elementary schools, seek an order to compel *262 the respondent to increase their final ratings in the examination and to advance their places on said list accordingly.
The petitioners took two examinations conducted by the respondent in September, 1954, one for the license of principal of an elementary school and the other for license of junior principal of an elementary school. Every part of the respective examinations was given separately except the supervision test. However, a grade of 60% was required in the supervision test to pass the principal’s examination, whereas only 50% was necessary for passing the junior principal examination. The supervision test constituted one fifth of each examination. Each petitioner passed all parts of the junior principal examination but was initially rated 53% in the supervision test, which resulted in their failure to pass the principal’s examination.
The petitioners appealed to the respondent’s Appeals Committee from their rating of 53% in the supervision test, asking that their papers be rerated to at least 60% so that they would also be passed in that test in the principal’s examination. But, in the reports denying the appeals, the Appeals Committee wrote, “ However it was found that items totaling 11.5 credits (5.75%) were deserving of additional credit”. This was with respect to the supervision test mentioned above.
On December 2,1957 petitioner Robins requested the respondent to adjust her final rating in the junior principal’s examination by increasing it in accordance with the additional credits mentioned in the summary statement of reasons for denial of appeal in the examination for license as principal in elementary schools.
The basic facts are not disputed but the respondent points out that the appeal to the Appeals Committee for an increased rating was taken in the principal’s examination and not in the junior principal’s examination, and that since petitioners had passed the junior principal examination, under the by-laws of the respondent no appeal is permitted in that examination. Respondent further argues that to revise petitioner’s supervision test ratings in accordance with the report of the Appeals Committee on their appeals from the ratings in the principal’s examination would be violative of the competitive nature of the junior principal’s examination.
Respondent also interposes the four-month Statute of Limitations and alleges that it began to run on January 16, 1957, when petitioners’ names were placed on the junior principal’s list.
The question here appears to be somewhat similar to that in Matter of Gimprich v. Board of Educ. (306 N. Y. 401), that is, whether the action of the respondent was ministerial and subject to control by the courts, or quasi-judicial and thus virtually *263 free from review; that case was distinguished from the case of Wakefield v. Board of Educ. (192 Misc. 639, mod. 274 App. Div. 884, affd. 299 N. Y. 664) with Chief Judge Lewis sharply dissenting.
The line of distinction is finely drawn. Here, but for the circumstance that petitioners failed the principal’s examination and appealed as of right to the Appeals Committee, there would be no suit nor any knowledge upon which to bring one. Does this entitle the petitioners to an advantage over their competitors who did not take and fail the principal’s test in supervision í Was this a clerical or gross error on the part of the respondent 1 This court believes the answers to be in the negative to both these questions. It is further held that the order denying the respondent’s motion to dismiss the complaint was not intended to and did not establish the law of the case.
Petition dismissed, without costs.