ONA BREGMAN, Individually and for All Those Similarly Situated, Respondent, v. LOUIS HARROLDS, as Commissioner of Personnel of the County of Onondaga, Appellant.— Order modified in accordance with memorandum, and as modified, affirmed, without costs. Memorandum: The respondent, Louis Harrolds, as Commissioner of Personnel of Onondaga County, appeals from an order at Special Term which directed him to hear a "grievance" of petitioner, Ona Bergman, employed by Onondaga County as a Psychiatric Social Worker II (PSW II). She had instituted this article 78 proceeding for herself, and others similarly situated, seeking "reclassification" of this position from salary grade 12 to grade 13. In modifying Special Term's order, we note that the Onondaga County Grievance Procedure provides that position classification and salary allocations "are not subject to review as grievances under this procedure" (Onondaga County Grievance Procedure, IX Applications, subd. 3). Special Term properly concluded, however, that the petition be treated as an application for position reclassification under rule XXIII of the Onondaga County Rules for Classified Service. Such an application under rule XXIII is made to the respondent Commissioner of Personnel who must determine whether the duties, responsibilities and requirements of PSW II have undergone a "permanent and material" change after which (if he so finds) the "Commissioner shall allocate the position to an appropriate class" (Rule XXIII, § 5) or "if no appropriate class exists, shall create a new class and prepare a class specification for such position" (Rule XXIII, § 5). Petitioner and those similarly situated are not entitled under the rule to a hearing but they or "Any person desiring to submit facts orally or in writing in connection with the reclassification * * * * shall be afforded reasonable opportunity to do so. The Commissioner shall then determine the proper allocation of the position" (Rule XXIII, § 6). Following the Commissioner's administrative determination, if respondent reclassifies petitioner, the salary grade which he assigns to the classification is subject to the approval of the Onondaga County Board of Legislature because the power to fix or change the compensation of county employees rests with that board (County Law, § 205; Onondaga County Charter, § 208 [f]; Onondaga County Administrative Code, § 2.01, subd. b). All concur, except Moule and Simons, JJ., who dissent and vote to reverse and dismiss the petition, in the following memorandum: The petition prays for a grievance hearing. All the members of the court agree that the matter is not grievable under the provisions of County Resolution 192 of 1963. Nevertheless, the majority have fashioned a result not asked for by petitioner and direct the parties to do what they have already done several times. They direct that "any person desiring to submit facts * * * in connection with the reclassification" shall be allowed to do so and the respondent Commissioner shall then determine the proper allocation of petitioner's position. No order of this court is required for that purpose. Petitioner is at liberty to submit an application for reclassification at any time without our permission. In fact, she has already done so — formally and informally — on several occasions. Thus, it appears that in 1968 when the W. R. Williams Co., Inc., was preparing a job description for county positions the responsibilities and qualifications pertaining to the job of Psychiatric Social Worker (PSW II) were presented to the Williams Company and to the legislature. In 1970 a "P-11" form containing the job description urged by petitioner was sent "through administrative channels" without results. In February, 1970 respondent approved petitioner's application for reallocation or reclassification of her job which the Personnel Committee of the Board of Supervisors refused to act upon. In December, 1970

respondent, the budget director and the county executive approved another "P-11" form for petitioner reallocating or reclassifying her position. Again the legislative committee refused to act. Petitioner's contentions concerning her job description and salary scale have been submitted to the board repeatedly, both before and after the adoption of the Williams Company plan by the Legislature in 1968. In each instance the legislature has refused to act on the matter. We can only conclude that the job description for PSW II was not a "mistake" as petitioner contends, but a considered judgment on the part of the legislative body that the qualifications for the job were to be changed. Job classifications and salaries are the legislature's sole prerogative not subject to judicial interference. (County Law, §§ 204, 205; Onondaga County Charter, § 208 [f].) If the Legislature refuses to change the job description and pay scale there is nothing that can be done by this court and nothing will be gained by the course this court orders. In the first place, the respondent has already supported petitioner's position but has been unable to help her. Second, the respondent is without authority to change her classification in any case since the Onondaga Rules for Classified Service (rule XXIII, subds. 5, 6) provide that a job will be reclassified only when there is a "permanent and material" change in the duties and responsibilities in the position since the last determination. Admittedly the duties and responsibilities of the position are precisely the same now as they were when the W. R. Williams Co. made its job classification and the legislature adopted its recommendations in 1968. Under the circumstances respondent's failure to reclassify, if he should fail to do so, could hardly be considered arbitrary and capricious (*Matter of Cook* v. *Burton,* 276 App. Div. 808). Finally, this court is entirely without power to mandamus the performance of a discretionary act such as reclassification by an administrative official (*Gimprich* v. *Board of Educ. of City of N. Y.,* 306 N. Y. 401; *Matter of Posner* v. *Levitt,* 37 A D 2d 331; *Matter of Frey* v. *McCoy,* 35 A D 2d 1029). In short, the court is ordering that the petitioner be permitted to perform an act which does not reqiure our permission, so that respondent may perform a duty which we are powerless to compel him to perform to effect a result that is within the sole power of the county legislature and that we are powerless to achieve. We would reverse the trial court and dismiss the petition. (Appeal from order of Onondaga Special Term in article 78 proceeding.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Simons, JJ.